PEOPLE v. TUCKER

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Quinn and Danhof, JJ., affirming Oakland, Clark J. Adams, J. Submitted June 10, 1971. (No. 13 June Term 1971, Docket No. 52,674-1/2.) Decided August 27, 1971.

19 Mich App 320 affirmed.

Thomas Wayne Tucker was convicted of rape. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*William R. Vander Kloot* and *Charles J. Porter,* for defendant.

BLACK, J. (*for affirmance*). To the extent one Justice of this Court may so do, I adopt the carefully detailed and thoughtfully considered opinion of Judge DANHOF, writing for Division 2 (19 Mich App 320), and therefore vote to affirm.

When and if the United States Supreme Court rules that the otherwise admissible testimony of a disinterested witness, such as Mr. Henderson gave here (see 19 Mich App at 324), must be rejected as fancied or authentic "fruit" of that rhetorized "poisonous tree," I will follow obediently our uni-

formly exacted oath.  But that day has not quite yet arrived, as the counsel on appeal for defendant concede* in the course of their effort to persuade that *this* Court should extend—"logically" of course —the rules of exclusion that were laid down in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), and in *Wade's* companion, *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178).

An unusually strong showing of guilt, echoed by the jury's verdict, discloses that this professional felon committed a loathsomely bestial rape of a middle aged lady.  There alone in her own home, she must have fought valiantly before submission or unconsciousness, for scratches of the defendant's face were so noticeably marked, by successive witnesses hours later, as to form an important part of the people's proof.  The result of her defensive effort was a beating so vicious that she was unable to recall what happened or to identify her assailant. In the absence of reversible error—of which there simply is none—that assailant should not be granted a new trial; a new trial which, in these days of more and more shackling of law enforcement, usually means an order for outright release upon society of one whose record justifies the latest sentence imposed.

ADAMS, T. E. BRENNAN, SWAINSON and WILLIAMS, JJ., concurred with BLACK, J.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, J., concurred in the result.

---

* Counsel say, forthrightly in their brief:
"While both *Wade* and *Gilbert* involved verbal evidence of witnesses they did not consider the primary issue involved here, namely, whether in the absence of lineup or search problems, the identity of a witness discovered during illegal interrogation taints the witness's subsequent testimony and requires its exclusion."