PEOPLE v TROMBLEY

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—EVI-
   DENCE—INSTRUCTIONS TO JURY—PREJUDICE.

   A plea of guilty which a defendant has withdrawn may not be
   subsequently used as evidence in the trial; even where a jury
   instruction is given limiting the use of such a plea to impeach-
   ment purposes only, the effect of such evidence is highly
   prejudicial and once before a jury would probably be considered
   as substantive evidence of guilt.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—QUES-
   TIONING OF DEFENDANT.

   A defense counsel's questions of the defendant on direct examina-
   tion regarding a guilty plea which the defendant had earlier
   offered and then withdrew, while not approved practice, did not
   open the door to more extensive questioning by the prosecutor
   on cross-examination where it was clear that the prosecutor
   was going to use the guilty plea as evidence and the defense
   mention of it was only an attempt to limit the damage to the
   defendant which would result from admission of the plea
   transcript.

3. CRIMINAL LAW—PRIOR CONVICTIONS—IMPEACHMENT—JUDGE'S DIS-
   CRETION.

   A trial court must positively indicate and identify its exercise of
   discretion when ruling on a defendant's motion to preclude the
   use of his prior convictions for impeachment purposes.

4. WITNESSES—CRIMINAL LAW—BARGAINS WITH WITNESSES—PROSECU-
   TORS—BURDEN OF DISCLOSURE.

   The burden of disclosing any bargain made with any witness in

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 491, 503–505.
[3] 30 Am Jur 2d, Evidence § 1175.
    Rule of reasonable doubt as applicable to proof of previous convic-
    tion for purpose of enhancing punishment. 79 ALR 1337.
[4] 21 Am Jur 2d, Criminal Law § 331.
[5] 21 Am Jur 2d, Criminal Law §§ 146, 147.

exchange for his or her testimony rests on the prosecutor, not on the defendant.

5. WITNESSES—CRIMINAL LAW—EVIDENCE—TESTIMONY BY ACCOMPLICE —ADMISSION—PROSECUTORS.

Testimony by an alleged accomplice concerning the contents of a letter, which the witness had destroyed, written by a defendant to the accomplice in which the defendant allegedly made an admission is admissible if the trial court first determines that the destruction of the letter was not caused by the negligence or bad faith of the prosecutor.

Appeal from Oakland, William P. Hampton, J. Submitted December 9, 1975, at Lansing. (Docket No. 24293.) Decided January 27, 1976. Leave to appeal denied, 396 Mich 861.

Charles Trombley was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Yuille, Zeleznik, Plourde & Russell* (by *David A. Barnes),* for defendant on appeal.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. On January 10, 1975, an Oakland County Circuit Court jury found defendant guilty of armed robbery, MCLA 750.529; MSA 28.797. He was subsequently sentenced to a term of from 20 to 40 years in prison and now appeals of right.

On appeal, defendant asserts a number of errors. Of these, we find one which requires our reversal of defendant's conviction and eliminates the need for full discussion of defendant's other claims. We

find that the trial court committed reversible error by ruling that the prosecutor could introduce testimony concerning defendant's plea of guilty to the instant charge, one which he later withdrew by leave of the court.

Defendant had originally pled guilty to the reduced charge of unarmed robbery. At the plea-taking, a factual basis for the plea was established, pursuant to GCR 1963, 785.7(3). Prior to sentencing, he wrote a letter to the trial judge in which he stated that his plea had been coerced by his attorney and the prosecutor and, therefore, he wished to withdraw it. The court granted his motion to withdraw the plea and also granted a motion by defendant's attorney to remove himself from the case. The judge then disqualified himself from defendant's trial.

Prior to defendant's taking the stand, his attorney brought a motion *in limine.* He sought to preclude the prosecutor from impeaching defendant by means of prior convictions and through the use of his guilty plea and of testimony from the plea-taking. The trial court held that the prosecutor could use defendant's prior convictions to impeach him. It took the motion concerning evidence of the guilty plea under advisement.

Subsequently, the defendant renewed the motion regarding the use of the previously withdrawn guilty plea. The trial court ruled that the prosecutor could use the previous guilty plea for impeachment purposes, but that he would instruct the jury that they could consider it only as determining the credibility of the defendant and could not use it as substantive evidence of the defendant's guilt.

In an attempt to mitigate against the obviously prejudicial effect of the anticipated use of the previously withdrawn guilty plea by the prosecu-

tor, the defendant, during direct examination, indicated that he had previously pled guilty to unarmed robbery. He explained that he had been "coerced and threatened" into the plea. On cross-examination, defendant then restated the testimony he had given at the plea-taking to establish a factual basis for the plea. This testimony amounted to a complete confession, a veritable "smoking gun".

Defendant cites the case of *People v Street,* 288 Mich 406; 284 NW 926 (1939), as mandating reversal. We find that the continuing vitality of the policies enunciated in *Street,* strengthened by later developments in the law, do require reversal.

In *Street,* the defendant had pled guilty and subsequently withdrawn his plea. The prosecutor, during opening argument, stated that testimony would show that, at one time, defendant had pled guilty to the charged offense. Defendant, thereupon, moved for a mistrial, which the court denied. On appeal, the Supreme Court reversed. The Court reasoned that, because, at the time, defendant had the absolute right to withdraw his plea, "[t]he entry of the latter plea must be held, consequently, to have eradicated the former plea which thereupon stood for naught". 288 Mich at 408. (Citation omitted.) The Court opined that a defendant's ability to withdraw a guilty plea would be rendered nugatory if evidence of the plea could be introduced at trial. The Court cited *Kercheval v United States,* 274 US 220, 224; 47 S Ct 582; 71 L Ed 1009 (1927):

"The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence * * * ."

In *Kercheval* the United States Supreme Court

had similarly refused, as a matter of Federal law, to allow evidence of a withdrawn guilty plea to be admitted into evidence at the subsequent trial.

This policy still applies with equal force both to those individuals who, prior to acceptance of the plea, withdraw by right and to those who withdraw by leave. See GCR 1963, 785.7(4). In both cases, a contrary rule would effectively limit plea withdrawal as an option. A choice between retaining a guilty plea which a defendant feels is unfair and withdrawing the plea but having it placed before the jury is no choice at all. A contrary rule would greatly impair a defendant's ability to take the stand in his own defense. It is contrary to our basic tenets of fundamental fairness to offer defendants such illusory choices. See *People v Hayes* and *People v Allen,* 64 Mich App 203; 235 NW2d 182 (1975).

We question the facility, in limiting the prejudice of admitting evidence of a prior guilty plea, of an instruction that such evidence be used only for impeachment purposes. The effect of such evidence would be highly prejudicial. Unlike an admission or other inculpatory extra-judicial statement, a guilty plea bears a judicial imprimatur. Unlike a confession given in the hostile environment of a police station, a guilty plea is made in open court in an atmosphere assumed to be protective of a defendant's rights. A plea is not a fact which requires other evidence or corroboration to prove the case against defendant. A guilty plea is a complete confession and verdict combined. We do not believe that, once before the jury, it would not be considered as substantive evidence of guilt.

We do not wish to allow a jury to invent its own reasons for why a defendant pled guilty and later withdrew his plea. A defendant may have reasons

for pleading guilty other than guilt. See *North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970). He may plead to a lesser charge because, while believing himself innocent, he does not wish to take a chance on being convicted of a more serious crime with a more severe penalty. In any event, he should not be forced to explain such reasons to the jury.

All of the concerns expressed here and in *People v Street, supra,* are magnified where, as here, a defendant is allowed to withdraw his plea after it has been accepted. Under GCR 1963, 785.7(3), a court, in accepting a guilty plea, must establish a factual basis for that plea. There are few other types of evidence more prejudicial than a reading of the plea transcript. There, defendant, having been carefully informed of his constitutional rights, specifically details his crime. Such evidence would go far beyond merely affecting defendant's credibility. Given the almost definite use of such evidence, no defendant would ever take the stand in his own defense.

Both the vast majority of other jurisdictions[1] and commentators[2] are in accord with our holding. A number of jurisdictions have specifically overruled prior contrary holdings. *People v Quinn,* 61 Cal 2d 551; 39 Cal Rptr 393; 393 P2d 705 (1964), *People v Spitaleri,* 9 NY2d 168; 212 NYS2d 53; 173 NE2d 35 (1961), *State v Thomson,* 203 Ore 1; 278 P2d 142 (1954). The states which have allowed a withdrawn plea into evidence have generally treated it as an extra-judicial admission. As we have noted, how-

[1] *See* cases cited in Annot., *Propriety and prejudicial effect of showing, in criminal case, withdrawn guilty plea,* 86 ALR2d 326, § 4, pp 331–335.

[2] *See e.g.* Note, *Improvident Guilty Pleas and Related Statements: Inadmissible Evidence at Later Trial,* 53 Minn L Rev 559 (1969), Comment, *Relevancy and Its Limits in the Proposed Federal Rules of Evidence,* 16 Wayne L Rev 167, 188–191 (1969).

ever, the two are not identical. Further, these cases have failed to consider the problems inherent in permitting withdrawal of a guilty plea but allowing the void plea to be used at trial.

In the instant case, defense counsel, on direct examination, first asked defendant about the guilty plea. While we do not approve of this practice, we do not consider it as having "opened the door" to the prosecutor's more extensive questioning on cross-examination. It was clear from the discussions concerning the defense motion to exclude the guilty plea that the prosecutor would not hesitate to use such evidence. The defense mention of the plea was, thus, an unavoidable attempt to limit the damage which would result from the admission of the plea transcript.

We take this opportunity to provide guidance on three issues which may recur if defendant is retried. If defendant moves to preclude the use of his prior convictions for impeachment, the court shall "positively indicate and identify its exercise of discretion". *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The burden of disclosing any bargain made with any witness in exchange for his or her testimony rests on the prosecutor, not, as the trial court indicated, on defendant. *Giglio v United States,* 405 US 150; 92 S Ct 763; 31 L Ed 2d 104 (1972). On appeal, defendant challenged the trial court's ruling which allowed an alleged accomplice to testify as to an admission which defendant had allegedly made in a letter to the witness. The witness had destroyed the letter. If this issue recurs on retrial, the trial court shall determine if the negligence or bad faith of the prosecutor caused the destruction of the letter. If not, testimony concerning its contents will be ad-

missible. *People v McKinney,* 49 Mich 334; 13 NW 619 (1882), *People v Trudeau,* 51 Mich App 766; 216 NW2d 450 (1974), *lv den* 391 Mich 839 (1974), *cert den* 419 US 868; 95 S Ct 125; 42 L Ed 2d 106 (1974).

Reversed and remanded for subsequent proceedings consistent with this opinion.