PEOPLE v MATA

WITNESSES—CRIMINAL LAW—PROMISE OF LENIENCY—NEW TRIAL.
A new trial was properly denied where a defendant alleged that a witness was promised leniency in the prosecution of charges against him in exchange for his testimony and where the trial court, after an extensive hearing, concluded that there were no actual promises of leniency and the record, including the transcript of the evidentiary hearing, fails to support the defendant's allegations of promises of leniency to the witness.

Appeal from Saginaw, Eugene Snow Huff, J. Submitted February 3, 1976, at Lansing. (Docket No. 20619.) Decided April 5, 1976. Leave to appeal applied for.

Carlos Mata was convicted of delivery of heroin. While appeal was pending remand was ordered to the trial court for an evidentiary hearing to inquire into the existence of promises of leniency given to a witness. New trial denied by the trial court. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Sharon M. Sloan,* Assistant State Appellate Defender, for defendant.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 152, 153.
81 Am Jur 2d, Witnesses § 560.
Preventing or limiting cross-examination of prosecution's witness as to his motive for testifying. 62 ALR2d 610.

Before: M. J. Kelly, P. J., and V. J. Brennan and Danhof, JJ.

M. J. Kelly, P. J. Defendant was found guilty of delivery of heroin on the testimony of one Thomas Cooper, a paid police informant. While appeal was pending in this Court, remand was ordered on motion of the defendant for an evidentiary hearing to "inquire into the existence or nonexistence of promises of leniency given to witness Thomas Cooper in exchange for his testimony". The question, of course, is whether or not defendant Mata was convicted on false testimony and thereby denied a fair trial. *Giglio v United States,* 405 US 150; 92 S Ct 763; 31 L Ed 2d 104 (1972).

The hearing was conducted over several days and testimony was taken from 15 witnesses, including Cooper. On April 11, 1975 the trial court entered an order denying a new trial, "for the reasons stated on the record at the hearing * * * ". The reasons include the following:

"At the outset of this opinion which the court desires to state now, this court will say that Mr. Cooper's [*sic,* should be Mr. Mata's] attorney, at the time of the trial, was given full opportunity to go into this matter.

\* \* \*

"Now, the court understands, of course, that the appellate court desired further evidence on this particular point, and it is for this reason that the court has conducted this very lengthy and exhaustive inquiry into all of the circumstances surrounding Mr. Cooper's previous charges, all of the attorneys who represented him on any of the charges, all of the police officers who had any contact with Mr. Cooper, all of the members of the prosecuting attorney's office who had anything whatever to do with any of Mr. Cooper's cases and, finally, we had Mr. Cooper back here again, subject to vigorous

cross-examination by the attorney now representing Carlos Mata.

\* \* \*

"The court has been unable to find any evidence that the prosecutors promised him leniency if he would testify in the case. None of the attorneys representing Mr. Mata on the various charges against him stated that they had promises or assurances of leniency.

"There is testimony by Mr. Cooper that he hoped to receive leniency \* \* \* . [T]hat he had received no promises of leniency, but that he hoped that he would receive leniency \* \* \* .

"Now there has been testimony from Mr. Stark, who was a former member of the prosecuting attorney's office, that he understood that Mr. Cooper would be given special treatment because of his work in behalf of the vice squad in obtaining evidence in narcotics cases. Mr. Stark went further and testified that in some of the cases which he handled, he tried to work out deals which would not have Mr. Cooper confined to jail.

\* \* \*

"Mr. Thick, a former prosecuting attorney in Saginaw County, testified that he heard Mr. Sturtz and Mr. Meter discuss some of the cases, at least two of the cases, in which Mr. Cooper was involved. Mr. Thick testified that he overheard Mr. Sturtz saying that Mr. Cooper had kept his part of the bargain and that it was up to the prosecutor to carry out their part of the bargain. \* \* \* [T]he bargain he was talking about was the normal plea bargain by which a defendant is permitted to plead to one charge and have the other charges against him dismissed.

"The court, therefore, is compelled to conclude from the evidence in this case that there did not exist any actual promises of leniency."

The narrow question before this Court is whether or not the trial judge clearly erred in concluding that no promises of leniency were made to Thomas Cooper for his testimony.

We cannot say from a review of the record,

including the evidentiary hearing, that the trial judge erred.

The strongest argument presented by appellant is an after-the-fact argument. The assistant prosecutor who tried the case was named Thomas. Mr. Thomas was not called on to testify at the evidentiary hearing. There is no need to speculate about why he was not called. He was not called because at trial he strongly asserted that no promises had been made to witness Cooper by the prosecutor or any assistant prosecutor. Five months after Mata's conviction, Mr. Thomas was the prosecutor in a breaking and entering case against Cooper wherein Cooper pled guilty on July 19, 1974 and received two years probation. Defendant urges there is a strong implication that probation was promised Cooper prior to or at the time of defendant's trial. Obviously his suspicions are not without foundation. However the inference or implication is rebutted by the sworn testimony taken at the evidentiary hearing.

The question here is not favored treatment. There is absolutely no question but that Cooper received extremely tender handling by the authorities. It may be he earned it. It may be odoriferous from an idealistic prosecutorial or law enforcement point of view. The question is whether a promise of leniency had been made to him at the time of his testimony in January of 1974. We affirm the trial court's conclusion that it had not.

This whole tempest is a rehash of what occurred at trial. The court gave defendant's trial attorney wide latitude and he used it all. The trial judge allowed him to show the manner in which the witness had been able to avoid prosecution in the past, allowed him to go into arrests and allowed him to cross-examine on all pending charges, in-

cluding in some cases the identity of the actual victims of crimes with which Cooper had been charged but not convicted. The trial attorney's closing argument was a scathing denunciation of Cooper and very adequately done. His ammunition included two pending breaking and entering charges, four arrests for "writing bad checks", arrests for possession of heroin, LSD and marijuana (all previously reduced or dismissed) and the interesting fact that his own father had signed complaints against him.

All in all, the jury had a wide-angle perspective. The issue was very clearly drawn as to Cooper's credibility. In spite of his besmirched character the jury chose to believe him and it had a right to do so.

Affirmed.