PEOPLE v BRYANT

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE—
STANDARD.

The standard to determine whether a defendant had effective
assistance of counsel in a criminal trial is that defense counsel
must perform at least as well as a lawyer with ordinary
training and skill in the criminal law.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE—
INSANITY DEFENSE—FAILURE TO PREPARE DEFENSE.

A criminal defendant was denied effective assistance of counsel
where defense counsel filed notice of intention to claim an
insanity defense but unexplainably failed to adequately prepare
and present the defendant's insanity defense despite the fact
that the defendant had a mental history which included several
suicide attempts and the fact that the defendant initially had
been declared to be incompetent to stand trial.

3. WITNESSES—CRIMINAL LAW—BARGAINS WITH WITNESS—DUTY TO
DISCLOSE—DUTY OF PROSECUTION.

It is the duty of the prosecution to disclose any bargain made
with any witness in exchange for his or her testimony in a
criminal trial.

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted March 3, 1977, at Detroit. (Docket No.
19813.) Decided June 21, 1977.

Harry J. Bryant was convicted of first-degree
murder and conspiracy to commit murder. Defend-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 315, 321.
  Incompetency of counsel chosen by accused as affecting validity of
  conviction. 74 ALR2d 39.
[3] 21 Am Jur 2d, Criminal Law §§ 152, 153.
  Enforceability of plea agreement, or plea entered pursuant thereto,
  with prosecuting attorney involving immunity from prosecution
  for other crimes. 43 ALR3d 281.

ant appeals. Remanded for an evidentiary hearing, the Court of Appeals retaining jurisdiction. After remand, reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Lawrence Baron,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and W. F. HOOD,* JJ.

PER CURIAM. The defendant was charged with the offenses of premeditated first-degree murder, MCLA 750.316; MSA 28.548, and conspiracy to commit murder, MCLA 750.157a; MSA 28.354(1). On January 10, 1974, in a nonjury trial, defendant was convicted of the offenses charged. Defendant was sentenced on January 17, 1974, to concurrent life terms on each of the offenses. Defendant's petition for appointed appellate counsel was filed January 21, 1974; counsel was appointed on February 5, 1974; and the claim of appeal was filed March 11, 1974. By an order dated March 12, 1975, this Court remanded defendant's appeal to the trial court for an evidentiary hearing regarding defendant's contention that he was deprived of effective assistance of counsel at the trial court level with respect to defendant's insanity defense. An evidentiary hearing was held by the trial court on August 4–6 and 28, 1975. Subsequently, the trial court denied defendant's motion for a new trial, finding that defendant had not been deprived

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of effective assistance of counsel. Defendant brings this appeal as of right.

Defendant presents this Court with several issues on appeal. One of defendant's allegations of error requires a reversal of defendant's conviction. Defendant contends that his trial counsel's failure to adequately prepare and present an insanity defense deprived defendant of effective assistance of counsel. Defendant's contention is correct.

In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), the Supreme Court adopted the ineffective assistance of counsel standard enunciated in *Beasley v United States,* 491 F2d 687 (CA 6, 1974). The *Garcia-Beasley,* standard requires that a defendant be represented by counsel who performs at least as well as a lawyer with ordinary training and skill in the criminal law. Defendant's representation in the instant case did not comport with the *Garcia-Beasley* standard. Although defendant's trial counsel filed notice of an intention to claim an insanity defense, defendant's trial counsel failed to arrange for defendant to undergo a criminal responsibility evaluation. Further, defendant's trial counsel failed to present any expert witness testimony regarding defendant's criminal responsibility at the time of the commission of the offense for which he was charged. Trial counsel's failure to adequately prepare and present defendant's insanity defense is unexplainable, especially in light of defendant's mental history. Defendant had attempted suicide on several different occasions, both prior to and after the commission of the offense for which he was convicted. Additionally, defendant initially was declared to be incompetent to stand trial. In light of these facts, defendant's trial counsel's failure to arrange for a psychiatric evaluation of defendant regarding defendant's

criminal responsibility was inexcusable. *People v Tumpkin,* 49 Mich App 262; 212 NW2d 38 (1973).

Defendant presents three other issues. Due to this Court's resolution of defendant's ineffective assistance of counsel issue, however, these other issues need not be the subject of decisional discussion. In order to prevent the recurrence of possible error, however, we take this opportunity to point out that it is the duty of the prosecutor to disclose *any* bargain made with *any* witness in exchange for his or her testimony. *People v Trombley,* 67 Mich App 88; 240 NW2d 279 (1976).

Reversed and remanded.