PEOPLE v MATA (ON REMAND)

OPINION OF THE COURT

1. DRUGS AND NARCOTICS—INSTRUCTIONS TO JURY—TESTIMONY OF AD-
DICT-INFORMER.

   The failure of a trial judge in a narcotics case to give, *sua sponte*,
   a special cautionary instruction that the testimony of an ad-
   dict-informer was to be received with care and caution was not
   reversible error where the defendant's strategy during the trial
   was to put the witness on trial.

2. DRUGS AND NARCOTICS—DELIVERY OF HEROIN—SUFFICIENCY OF EVI-
DENCE—ADDICT-INFORMER.

   The credibility of an addict-informer in a trial for delivery of
   heroin, like that of an accomplice, is a jury question and the
   jury may convict on such evidence alone.

3. WITNESSES—DRUGS AND NARCOTICS—ADDICT-INFORMER—PROMISE
OF LENIENCY—EXPECTATION OF CONSIDERATION—DISCLOSURE TO
JURY.

   Failure to disclose to a jury at a defendant's trial for delivery of
   heroin the possibility of future favorable treatment for an
   informer-addict in return for his testimony was not in error
   where (1) there has been no showing of an actual undisclosed
   agreement or promise made by the prosecution to the witness
   for leniency or other reward, (2) while it is clear that the paid
   informant-witness had an expectation of consideration for his
   cooperation, the jury was made well aware of the facts motivat-
   ing the witness through the thorough cross-examination and
   closing argument of defense counsel, and (3) the jury was not
   misled by the witness's denial that he expected some deals to
   be made in other cases pending against him.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 687.
[2] 75 Am Jur 2d, Trial § 321.
[3] 81 Am Jur 2d, Witnesses § 103.
[4] 75 Am Jur 2d, Trial § 855.

CONCURRENCE BY M. J. KELLY, J.

4. WITNESSES—CRIMINAL LAW—INFERENCES—ACCOMPLICES—PROMISE
OF LENIENCY—INSTRUCTIONS TO JURY—PRESUMPTIONS.

*A prosecution witness who is either an informer, accomplice, addict, co-conspirator or other person having an existing motivation to bargain with the police or prosecutor concerning charges or sentences pending against him should be presumed to have testified with a reasonable expectation of some form of leniency; in such cases the court should so instruct if, but only if, requested by the defense; where the prosecutor asserts that the witness has no reasonable expectation of leniency, the trial judge should conduct a hearing in the absence of the jury wherein both sides should be given an opportunity to develop the record with respect to the fairness of such a proposed instruction and the trial judge should make an appropriate ruling thereon.*

Appeal from Saginaw, Eugene Snow Huff, J. Submitted February 22, 1977, at Lansing. (Docket No. 77-494.) Decided December 6, 1977.

Carlos Mata was convicted of delivery of heroin. Defendant appealed. Affirmed, 68 Mich App 337 (1976). Defendant applied for leave to appeal to the Supreme Court. In lieu of grant of leave to appeal, the Court of Appeals decision was vacated and the matter remanded, 399 Mich 834 (1977). On remand, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Rolf E. Berg,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C. J., and V. J. BRENNAN and M. J. KELLY, JJ.

ON REMAND

DANHOF, C. J. The Supreme Court vacated our earlier disposition of this case, 68 Mich App 337; 242 NW2d 574 (1976), and remanded the case back to this Court for reconsideration in light of *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976). 399 Mich 834 (1977).

Defendant Mata was found guilty of delivery of heroin in violation of MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a) on the testimony of a paid police informant. The issue which was before this Court in our earlier decision was whether the trial judge clearly erred in concluding that no promises of leniency were made to the witness for his testimony. We concluded that the trial judge did not err.

The *Atkins* opinion dealt with three issues:

"(1) Whether reversal is required because the trial court did not *sua sponte* instruct the jury that the testimony of an addict-informer was to be received with care and caution;

"(2) Whether the uncorroborated testimony of an addict-informer is insufficient as a matter of law to make a jury-submissible issue on defendant's guilt; and

"(3) Whether the jury was misled by a failure to disclose the possibility of future favorable treatment for the addict-informer testifying against defendant." 397 Mich at 167.

As to the first issue, the Court held that where the defendant's strategy was to put the witness "on trial", there would be no error in failing to *sua sponte* give a special cautionary instruction. The record in the instant case discloses the following instruction and subsequent discussion:

"In weighing the testimony and determining the credibility of all the witnesses in the case, you should take into consideration the interest or lack of interest of each witness in the outcome of the case. You should take into consideration the manner in which the various witnesses have given their testimony upon the witness stand, the opportunity that they or any of them may have had for observation or knowledge of the subject matter about which they testified, their honesty, their memory, their capacity and understanding, probability or improbability of their statements, and their bias or prejudice, if any, as shown by the evidence in the case."

"(In the absence of the jury, the following proceedings were had:)

"THE COURT: While the jury was still in the jury box and before it had retired to commence its deliberations, the Court called counsel for both sides to the bench and asked if there were any objections to the charge of the Court or any further requests for instructions which either counsel desired to present.

"At that time, the Court understood that counsel both stated that they had no further instructions and no objections to the charge as stated; is that correct, gentlemen?

"MR. MARTIN *[defense attorney]:* That's correct, your Honor, on behalf of the defendant."

The record discloses no request by the defendant for a special cautionary instruction. As in *Atkins,* the defense strategy in the instant case was to attack the credibility of the informant-witness. As in *Atkins,* we find no reversible error in the instant case.

As to the second *Atkins* issue, the Court held that:

"We hold that the credibility of an addict-informer, like that of an accomplice, is a jury question, and that the jury may convict on such testimony alone." 397 Mich at 172.

As to the third *Atkins* issue, the Court stated in part:

"However, it is one thing to require disclosure of facts (immunity or leniency) which the jury should weigh in assessing a witness's credibility. It is quite another to require 'disclosure' of future possibilities for the jury's speculation. Indeed, if a prosecutor were required to volunteer that, although there was no agreement, he intended to recommend some sort of consideration for a witness because the witness was testifying in this and other cases or had corrected his past misdeeds, could this not be viewed as vouching for that witness's credibility? The focus of required disclosure is not on factors which may motivate a prosecutor in dealing subsequently with a witness, but rather on facts which may motivate the witness in giving certain testimony. Of the latter, this jury was made well aware by means of the thorough and probing cross-examination by defense counsel." 397 Mich at 174.

As in *Atkins,* there has been no showing of an actual undisclosed agreement or promise made by the prosecution to the witness for leniency or other reward. While it is clear that the paid informant-witness in the instant case had an expectation of consideration for his cooperation, we believe that the jury was made well aware of the facts motivating the witness through the thorough cross-examination and closing argument of defense counsel.

In his concurring opinion in *Atkins,* Justice LEVIN wrote:

"Although the record does not support a conclusion that there was an agreement, the probability is that there was a tacit understanding.

"I question the usefulness of a distinction between the 'disclosure of facts (immunity or leniency) which the jury should weigh in assessing a witness's credibility'

and ' "disclosure" of future possibilities for the jury's speculation'."

* * *

"A statement by an accomplice-informer witness that no promise has been made to him is misleading although no positive promise has been made if he has a reasonable expectation of leniency or other reward. The statement is not wholly true as it conceals the witness's expectations, expectations fostered by the practice of granting concessions to accomplice-informer witnesses. The apparent purpose of knowing concealment and a failure to correct the record is to mislead the jury."

* * *

"If there is an agreement with a prosecution witness, it must be disclosed to the jury.

"If there is no agreement and charges of law violation have been or could be lodged against the witness or sentencing has been deferred, and in similar cases the prosecutor has refrained from prosecuting or has granted or sought charge reduction or leniency in sentencing for witnesses who assisted the prosecution, those facts and their significance should be fully disclosed and explained to the jury." 397 Mich at 177–183.

In *People v Crawl,* 401 Mich 1; 257 NW2d 86 (1977), Justice LEVIN cites *Atkins* stating:

"Such disclosure should * * * be full and complete to avoid misleading the jury." 401 Mich at 34.

At defendant Mata's trial, the jury was made aware that the paid informant witness had been able to avoid prosecution for past crimes, that the prosecutor's office had previously dismissed several criminal charges against the witness which involved a variety of crimes, that the witness was a paid informant, that the witness was presently facing several pending felony charges, that the witness was acquainted with some members of the prosecutor's staff, that the witness was "not look-

ing forward to going to prison", and that the
witness had previously gone along with "deals"
worked out between his attorney and the prosecu-
tor. In his closing argument the defense attorney
contended that the prosecution witness had com-
mitted perjury, that the witness "is like a travel-
ing minstrel, a traveling minstrel with a guitar or
a—he sings a song and he gets a reward. Most of
the time it's money. This time it's freedom from
prison." In his rebuttal the prosecutor stated in
part: "We've got the detectives. They watched him
do it, watched Tom [the paid informant witness].
We've got Tom's testimony, nothing else. Tom is in
jail today. He came over here—fortunately, they
didn't leave his jail clothes on him. Cases are still
going against him, B and E's, to be tried very
soon." We believe that this record contains a full
and fair disclosure of the "facts which may moti-
vate the witness" in giving his testimony. We do
not believe the jury was misled by the witness's
denial that he expected some deals to be made in
those pending cases. We therefore find no error.

Affirmed.

V. J. BRENNAN, J., concurred.

M. J. KELLY, J. *(concurring)*. I concur in the
result reached by the majority principally because
I cannot conceive how to reasonably implement for
trial courts the unworkable mandate of *People v
Atkins,* 397 Mich 163; 243 NW2d 292 (1976), which
condemns itself out of its own text. High court
decisions which arrive through a sometimes tortu-
ous dialectic process at a pronouncement of new
legal principles should not be cast on lower courts
to apply retroactively.

Our decision in *Mata* was released April 5, 1976.
The following July the Supreme Court decided

*People v Atkins.* The issue in *Atkins* for which we
are ordered to reconsider *Mata* is "whether the
jury was misled by a failure to disclose the possi-
bility of future favorable treatment for the addict-
informer testifying against defendant". 397 Mich
at 167. The *Atkins* Court discusses the issue in the
context of a Federal "trend". Can there be any
doubt that requiring a cautionary instruction on
the basis of an informer's subjective expectations
is innovative?

Although the Court set forth broad rules, it
made no application of those rules in the case
before it. The distinction between "reasonable ex-
pectations" and "future possibilities" is nebulous.[1]
In the present case, one Thomas Cooper testified at
trial that he did not receive any promises in
exchange for his testimony or work as an infor-
mant, nor did he expect any deals. At the eviden-
tiary hearing, held to determine if any *promises* of
leniency had been given, the following exchange
took place between Cooper and defense counsel on
redirect examination:

"Q Can you explain to me the difference of hoping the
case would be favorably disposed of and having an
expectation that the case would be disposed of favora-
bly?

"A Well, since I don't have a dictionary with me, I
can't define the two words for you.

"Q Okay. A few minutes ago you stated that at the
time you stated in the Mata trial—at the time you
testified under oath that you did not expect some deals
to be made in the future in those cases, that that
statement was not true. Now, in regards to Mr. Den-

---

[1] The majority here mentions, but does not analyze, another *Atkins*
imponderable—"expectation of consideration". If we follow the direc-
tion in which Justice LEVIN is leading, consideration is apparently the
key word. *See People v Crawl,* 401 Mich 1, 34, 35; 257 NW2d 86
(1977).

ton's cross-examination, you're saying that at the time you made that statement, the statement was true.

"A The statement is true as it reads.

"Q It was true?

"A If you read the words, the statement is true.

\* \* \*

"Q Okay, let's try again. On direct examination you stated that at the time you testified in the Mata trial, that you did not expect any deals to be made in the future in your pending cases; that that statement was not true. Then on cross-examination, you stated, 'Oh, my testimony in the Mata case was true.' I'm asking you again, on direct examination, at the time you testified in the Mata case that you did not expect any deal in the future, was that testimony true at the time or not?

"A The statement is true as it reads.

"Q Was it true at the time that you made it in January 25 of 1974; was it true then?

"A Yes.

"Q So these assurances, these representations by the Vice Squad, the statement by Officer Newvine or Shobert that Brady Denton had said your cases wouldn't be disposed of until after you had testified in these cases, that didn't lead you to expect that there might be a deal in the future?

"A There was no promise of any deal in the future, no.

"Q Did that lead you to expect that there might be a deal in the future? 'Everything is going to be stopped in your cases pending your testimony in these narcotics cases, and then we'll take care of you, Mr. Cooper.' That does not lead you to expect a deal in the future?

"A No."

The difficulty is apparent from the above exchange. If there is a logical inference that a reasonable expectation of leniency has resulted from contact with the prosecutor, *Atkins* appears to require the prosecutor and the trial judge (if it comes to his attention) to disclose such fact to the

jury.[2] Was the prosecutor required to disclose to the jury that Cooper had a "reasonable expectation of leniency" despite Cooper's testimony to the contrary? The majority opinion in *Atkins* does not require disclosure of "future possibilities", but appears to require disclosure of "reasonable expectations". At the evidentiary hearing, Cooper said that he hoped that he would receive leniency. If no promises of leniency had been made, is disclosure by the prosecutor of the witness's reasonable expectations possible?

What is leniency? Is leniency a plea bargain? Is leniency a prosecutor's recommendation of probation or of a sentence in the county jail, a recommendation to the Michigan Training Unit, a specific recommendation for a minimum term of years? What is reasonable? Is it in the light of how the witness has been treated in the past? Is it reasonable to assume that charges being held in abeyance will be dropped? Reasonable to whom; to the prosecutor, to the witness, to the defense attorney, to the trial judge?

Should this play within a play unfold before the jury or should we add to the *Robinson* hearings, the *Tucker* hearings, the *Walker* hearings, the *Luck-Farrar* hearings, the *McCoy* hearings,[3] etc., an *Atkins-Mata* hearing where the question of a witness's "reasonable expectation of leniency" can

---

[2] Justice LEVIN *(concurring)* in *Atkins, supra,* at 179 writes:

"We all begin with the same premises. A prosecutor has an affirmative duty to disclose to the jury any promise of leniency. He has the same duty of disclosure regarding reasonable expectations, as opposed to promises, of leniency or other rewards for testifying."

[3] *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), *People v Tucker,* 19 Mich App 320; 172 NW2d 712 (1969), *aff'd,* 385 Mich 594; 189 NW2d 290 (1971), *aff'd* 417 US 433; 94 S Ct 2357; 41 L Ed 2d 182 (1974), *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), *Luck v United States,* 121 US App DC 151; 348 F2d 763 (1965), *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).

be thrashed out? Who determines, and when, if a false impression has been given? Does the prosecutor rise in the middle of the defense attorney's cross-examination and offer his unsworn impressions as an officer of the court? How does he discharge his "affirmative duty" to the jury? If there is a particular practice in a given county, is that to be shown to the jury? How? By testimony of "expert" defense and prosecution attorneys? By probation and parole officers? By clerks and written records?

If I were called upon to implement an *Atkins-Mata* rule of procedure, I would suggest the following and declare it to be prospective in application:

1. If a prosecution witness, whether an informer, accomplice, addict, co-conspirator or other person having an existing motivation to bargain with the police or prosecutor concerning charge(s) or sentence pending against him,[4] gives testimony implicating another, he is presumed to have testified with a reasonable expectation of some form of leniency. In such cases the court shall so instruct if, but only if, requested by the defense.

2. If the prosecutor asserts that the witness has no reasonable expectation of leniency, the trial judge shall conduct a hearing in the absence of the jury wherein "both sides should be given the opportunity to develop the record with respect to the fairness of such a proposed instruction", *Atkins, supra,* p 171, and the trial judge shall make an appropriate ruling thereon.

Obviously if the above procedure had been applicable to the trial of Carlos Mata, counsel's acquies-

---

[4] This may not necessarily require that a warrant be issued on complaint or an information or indictment be pending and should be broadly construed by the trial court to include the investigative process if such process has evolved to a point where the witness has been focused upon as a potential defendant.

cence in the trial court's instructions would re-
quire affirmance. To hold otherwise would impose
an obligation of awareness on the part of the trial
court that a Federal "trend" would later emerge to
become Michigan precedent requiring the giving of
an unrequested cautionary instruction—an intoler-
able burden.

I concur in the result reached by the majority.