PEOPLE v TILLMAN

Docket No. 27119. Submitted May 8, 1978, at Detroit.—Decided September 5, 1978. Leave to appeal applied for.

Harold Tillman was convicted of second-degree murder and of assault with intent to commit murder. The incident on which the charges were based occurred on April 30, 1974. The defendant had an argument with the woman with whom he was living. The argument ended when the woman's two children were thrown from a window of their third floor apartment. One child died. The prosecutor's evidence showed that the defendant was responsible for throwing the children out of the window.

The defendant pled guilty to a single count of second-degree murder. He attempted to appeal that conviction but was unable to do so because the court reporter had misplaced her notes and was unable to prepare a transcript. Eventually, the trial court granted the defendant a new trial. The prosecutor then reinstated the assault-with-intent-to-commit-murder count which had been dropped. Defendant was convicted on both counts, Recorder's Court of Detroit, Robert L. Evans, J. The defendant appeals, claiming that he could not properly be charged with the assault count and that he was deprived of a fair trial by the failure of the prosecutor to inform the jury that one of the prosecution's witnesses had been granted immunity during trial. *Held:*

1. The prosecutor was bound to proceed only with the murder count.

2. There was no duty for the prosecution or the court to disclose to the jury the grant of immunity to the witness because the defense was in full knowledge of the circumstances surrounding the grant of immunity and did not request a

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 495.
[2, 5] 75 Am Jur 2d, Trial § 690.
.  81 Am Jur 2d, Witnesses § 103.
[3] 75 Am Jur 2d, Trial §§ 864, 865.
[4] 23 Am Jur 2d, Depositions and Discovery § 324.

disclosure to the jury and said nothing regarding the issue at trial.

The conviction for second-degree murder is affirmed.

The conviction for assault with intent to murder is vacated.

D. C. RILEY, J., concurred. She would emphasize that a requirement that the defendant request a disclosure regarding the grant of immunity to a witness applies only in instances, as in the case at bar, where the defendant is fully aware of the existence of an agreement or deal with the witness.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEAS OF GUILTY—NEW TRIAL—ADDITIONAL CHARGES—SAME TRANSACTION.

Additional charges arising out of the same transaction may not be resurrected where a defendant pleads guilty to a charge arising out of a transaction and later the plea-based conviction is set aside; the prosecution is bound by its initial assessment that the ends of justice would better be served by its concessions for the original plea.

2. CRIMINAL LAW—WITNESSES—GRANT OF IMMUNITY—CODEFENDANT —DISCLOSURE TO JURY—REQUEST FOR DISCLOSURE.

It is incumbent upon the prosecution upon request of defense counsel to disclose to the jury that an accomplice or co-conspirator has been granted immunity or other leniency to secure his testimony, and if such fact comes to the attention of the trial judge it is incumbent upon the judge to disclose it to the jury; where there was no request from the defense to reveal a grant of immunity, neither the prosecution nor the trial court deprived the defendant of a fair trial by failing to disclose it to the jury.

3. CRIMINAL LAW—PROSECUTOR'S DUTY TO DISCLOSE—FALSE INFORMA- TION—WITNESSES—CONCESSIONS TO WITNESS—REQUEST BY DE- FENSE.

A defense demand for disclosure of information to the jury is not necessary to trigger a prosecutor's duty to disclose information to the jury which contradicts false testimony that no concessions have been made to a witness.

4. CRIMINAL LAW—PROSECUTOR'S DUTY TO DISCLOSE—INFORMATION KNOWN TO DEFENSE—REQUEST BY DEFENSE.

A defense demand for disclosure of information to the jury is necessary to trigger a prosecutor's or court's duty to disclose to

the jury information which is known to the defense and about which nothing is said at trial.

CONCURRENCE BY D. C. RILEY, J.

5. CRIMINAL LAW—WITNESSES—GRANT OF IMMUNITY—DUTY TO DISCLOSE—REQUEST BY DEFENSE—DEFENDANT'S KNOWLEDGE OF DEAL.

   *A requirement that a defendant request disclosure to the jury that immunity or other concessions have been granted to a witness before the prosecution is under a duty to make such a disclosure applies only in instances where the defendant is fully aware of the existence of an agreement or deal with the witness; the prosecution should be under a duty to disclose any deal made in exchange for a witness's testimony, whether or not false testimony was presented concerning the existence of a deal, where the defense does not have specific knowledge of the agreement.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Alan L. Kaufman,* for defendant on appeal.

Before: CYNAR, P. J., and T. M. BURNS and D. C. RILEY, JJ.

T. M. BURNS, J. Defendant appeals by right from his jury trial conviction for second-degree murder, MCL 750.317; MSA 28.549, and assault with intent to commit murder, MCL 750.83; MSA 28.278. Defendant claims that he could not properly be charged with the assault count and that he was deprived of a fair trial by the failure of the prosecutor or the court to inform the jury that one of the prosecutor's witnesses had been granted immunity during trial. We vacate the conviction and

sentence for assault with intent to commit murder
and affirm the murder conviction.

## I

The charges in this case are based on an incident which occurred on April 30, 1974. Defendant had an argument with the woman he was living with which ended when the woman's two children were thrown out of the window of their third floor apartment. One child died, the other lived. The prosecutor's evidence showed that defendant was responsible for throwing the children out of the window.

Defendant pled guilty to a single count of second-degree murder on October 21, 1974. Defendant attempted to appeal that conviction but was unable to do so because the court reporter had misplaced her notes and was unable to prepare a transcript. After several delays and a hearing before the trial court, defendant was granted a new trial by the trial court in July of 1975.

The prosecutor reinstated the assault count and trial was held in November of 1975. Defendant was convicted by the jury on both counts and given two life terms.

## II

Within his first issue, defendant raises two points. He claims that *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), barred reinstating the assault with intent to murder count and that trying this improper charge with the murder count deprived him of a fair trial on the murder count. We accept the first contention and reject the second.

The precise holding of *McMiller* does not apply

to these facts because the assault count is not a higher offense based on the same conduct. The policy of *McMiller* does apply and should have prevented the prosecutor from reinstating the assault with intent to commit murder count.

In dealing with a factually similar problem (*i.e.,* two charges based on a single criminal transaction, one of which was discontinued when the defendant pled guilty to the other and reinstated when the plea was set aside) in *Mikowski v Grand Traverse County Sheriff,* 52 Mich App 66; 216 NW2d 603 (1974), *lv den,* 391 Mich 835 (1974), a panel of this Court concluded that additional charges arising out of the same transaction could not be resurrected after a plea-based conviction was set aside. This is the real meaning of *McMiller.* The prosecutor is bound by his initial assessment that the ends of justice are served by his concessions for the original plea. In this case, the prosecutor was bound to proceed only with the murder count.

We, therefore, vacate defendant's conviction and sentence for assault with intent to commit murder.

We cannot, however, accept defendant's contention that forcing him to stand trial on an improper charge of assault with intent to commit murder requires reversal of the murder conviction also. There are two types of prejudice which could result from trying the two counts where only one was proper. There is the possibility that evidence which would be admissible under the improper charge would not be admissible under the proper charge. Defendant has disclaimed this possibility, agreeing that the same evidence would be admissible if a retrial were ordered on the murder count only. Defendant does claim that this same evidence may have been used to better advantage by

defense counsel or had a different effect on the
jury, but we cannot agree.

This leads to the second possible area of preju-
dice. Defendant claims that simply facing multiple
charges made it more likely that he would be
convicted of something, citing *People v Vail,* 393
Mich 460; 227 NW2d 535 (1975). *Vail* involved
submitting an offense to the jury which was un-
supported by the evidence. The court feared that a
possible compromise verdict, based on the improp-
erly submitted higher charge, would prejudice the
defendant. In this case the evidence and instruc-
tion on the assault count were sufficient, but be-
cause of an overriding policy relating to plea bar-
gaining, we have determined that the count was
improperly submitted to the jury. The two situa-
tions are not analogous and the rationale of *Vail*
does not require reversal of the murder count in
this case.

### III

Defendant also claims that he was deprived of a
fair trial when the proceedings ended 'without the
prosecutor or the trial court informing the jury
that a prosecution witness had been granted im-
munity. The witness in question was defendant's
girl friend who was present during the incident for
which defendant stood trial and whose children
were the victims.

During the direct examination of defendant's
girl friend, the trial court sensed that if she were
allowed to answer certain questions posed by the
prosecutor, she could incriminate herself. The
court stopped the proceedings and was going to
appoint counsel to advise her during her testimony
when the prosecutor agreed that there was a
problem and announced that he was willing to

grant immunity, apparently under MCL 780.701 *et seq.;* MSA 28.1287(101) *et seq.* The court agreed to the grant of immunity and determined that it would be unnecessary to appoint counsel under the circumstances.

Defense counsel was present during this entire exchange. He never requested an instruction on the grant of immunity or questioned the witness about it. Whether this decision not to pursue the grant of immunity before the jury was based on the prosecutor's cross-examination of the witness, necessitated by her refusal to point the finger at defendant at trial and her express wish to forgive defendant and forget about the entire incident, or some other bit of trial strategy is not for us to decide. Our question is whether defendant was denied a fair trial because the jury was not informed of this information. We answer no.

Defendant relies on two cases to support his position, *Giglio v United States,* 405 US 150; 92 S Ct 763; 31 L Ed 2d 104 (1972), and *People v Nettles,* 41 Mich App 215; 199 NW2d 845 (1972). However, the problem in each of those cases, and what the court found to be a denial of due process, was the prosecutor's failure to disclose a deal with a witness in the face of false testimony given by the witness that no bargain had, in fact, been struck. It was not the fact that a bargain had been struck or that immunity had been granted which was crucial, but the prosecutor's failure to correct a positive assertion before the jury that the contrary was true.

It is unnecessary to review in this case the entire scope of the prosecutor's duty under the due process clause. However, the cases generally fall into three broad categories: (1) a prosecutor's refusal of a defense request for material, the precise

nature of which is unknown to the defense, (2) the prosecutor's duty to disclose exculpatory evidence unknown to the defense without a request being made, or (3) prosecutorial use of false testimony, knowing it to be false. See, *e.g., Napue v Illinois,* 360 US 264; 79 S Ct 1173; 3 L Ed 2d 1217 (1959), *Brady v Maryland,* 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), *Giglio v United States, supra, and United States v Agurs,* 427 US 97; 96 S Ct 2392; 49 L Ed 2d 342 (1976).

In the present case there was no false testimony concerning the grant of immunity. The prosecutor did not refuse to disclose any exculpatory material which was unknown to the defense. The question then, is whether the prosecutor had a duty to bring this information to the jury's attention without defense counsel making a request.

In dealing with this problem, our Supreme Court stated in *People v Atkins,* 397 Mich 163, 173; 243 NW2d 292 (1976):

"Where an accomplice or co-conspirator has been granted immunity or other leniency to secure his testimony, it is incumbent upon the prosecutor and the trial judge, if the fact comes to the court's attention, to disclose such fact to the jury *upon request of defense counsel.*" (Emphasis added.)

Defense demand triggers the prosecutor's duty to disclose information to the jury, unless false information is given. See, *People v Mata (On Remand),* 80 Mich App 204; 263 NW2d 332 (1977). Since there was no request from defense counsel to reveal the grant of immunity, neither the prosecutor nor the court deprived defendant of a fair trial by failing to disclose it.

Two prior cases from this Court could be read as being contrary to the holding just announced. In

both *People v Trombley,* 67 Mich App 88, 94; 240 NW2d 279 (1976), *lv den,* 396 Mich 861 (1976),[1] and *People v Bryant,* 77 Mich App 108, 111; 258 NW2d 162 (1977), the panel stated that the burden of disclosing any concessions made to any witness in exchange for his testimony rested on the prosecutor, not the defense. This statement was not the holding of either case but made only to provide guidance in a retrial which was necessary because of other error. Nor did either case discuss the role of a defense demand or request.

*Trombley* cited only *Giglio v United States, supra,* in support of the statement. *Bryant* cited only *Trombley.* But, as shown above, *Giglio* was not a pure disclosure case but a failure to correct false testimony case. Clearly, a defense demand is not necessary to trigger the prosecutor's duty to disclose information to the jury which contradicts false testimony that no concessions have been made to a witness. Just as clearly, a defense demand is necessary to trigger a prosecutor's or court's duty to disclose to the jury information which is known to the defense and about which nothing is said at trial. See, *People v Atkins, supra. Cf. United States v Agurs, supra. Trombley* and *Bryant* should be applied with these considerations in mind.

The conviction for assault with intent to murder is vacated. The conviction for second-degree murder is affirmed.

CYNAR, P. J., concurred.

D. C. RILEY, J. *(concurring).* I write separately solely to express my conception of the disclosure

---

[1] The writer notes that he participated in the decision in *Trombley* but for the reasons stated in the text believes the statement of the rule in *Trombley* was overbroad and unnecessary to a decision in that case.

rules in regard to promises made to a witness in exchange for his or her testimony. I would emphasize that a requirement that the defendant request such disclosure only applies in instances, as in the case at bar, where the defendant is fully aware of the existence of an agreement or deal with the witness. The focus of appellate review of this type of issue should be on the trier of fact's right to know all of the relevant evidence concerning the credibilities of each witness, rather than on which party makes known that evidence. To insure the fairest result, the prosecution should be under a duty to disclose any deal made in exchange for a witness's testimony, whether or not false testimony was presented concerning the existence of a deal, where the defense does not have specific knowledge of the agreement.

In the present case, there is no question but that defendant was fully aware of the immunity granted to the witness but as pointed out by the majority, for some tactical reason did not bring out the immunity before the jury. I agree with the majority that under *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976), the facts of the case required a defense request to place a duty upon the prosecutor to disclose the immunity.