PEOPLE v BROWN

1. Criminal Law—Accomplices—Plea of Guilty—Remarks of Judge—Prejudice.

A remark made in the presence of the jury by the trial judge that defendant's accomplice, who was a prosecution witness, had pleaded guilty to a charge of breaking and entering, the same offense with which defendant was charged, and that the judge had accepted the plea, constituted reversible error, even though the judge made his remarks during a ruling on the privilege of the accomplice not to incriminate himself, since the effect of the remarks was prejudicial to the defendant.

2. Criminal Law—Evidence—Accomplices—Preliminary Examination—References.

References by the prosecutor and by the trial judge, in the jury's presence, to statements made by defendant's accomplice at the accomplice's preliminary examination, the transcript of which was not in evidence, constituted reversible error.

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 2 December 5, 1972, at Lansing. (Docket No. 13234.) Decided January 17, 1973.

Thomas R. Brown was convicted of breaking and entering. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin E. Clements,* Prosecuting Attorney, and *Edward B. Meth,* Assistant Prosecuting Attorney, for the people.

*Peter J. Donlin,* for defendant.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 343.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. Defendant was convicted by a jury of breaking and entering. MCLA 750.110; MSA 28.305. He has asserted three claims of error, two of which we will discuss.

1. Defendant claims that remarks made to the jury by the prosecutor and the trial judge to the effect that an alleged accomplice, who was a witness for the people, had pleaded guilty to this offense, were prejudicial to the defendant's right to a fair and impartial trial.

2. Defendant claims that remarks made to the jury by the prosecutor and the trial judge regarding testimony given by the alleged accomplice at the preliminary examination as to the facts of the case, constitute reversible error.

Although the defense did not object to any of the alleged errors at the time they occurred, we feel they merit discussion.

The prosecutor called Eugene Curtis, an alleged accomplice, as a witness. After answering a few preliminary questions, the witness refused to answer any further questions on the ground that such answers would tend to incriminate him. In the presence of the jury, the trial judge made the following remarks:

"All right. Well, let me state, for the record, then: The witness has previously entered a plea of guilty before this same court, in another case, to an offense arising out of the same transaction; at which time, in offering the plea of guilty, the witness stated to the court sufficient facts and circumstances involving himself that the court accepted such a plea of guilty; at which time the witness did incriminate himself, in relation to this transaction. In addition, the witness testified at the preliminary examination in this case, on

April 29, 1971, before the Honorable Michael C. Dion-
ise, District Judge; and the transcript of that examina-
tion indicates that at that time, he was advised as to
his rights against self-incrimination, that he voluntarily
waived those rights and testified as to facts and circum-
stances which did tend to incriminate him in the same
manner. The court considers that the witness has
waived his constitutional privilege against self-incrimi-
nation, and the court instructs the witness to answer
the question."

During his direct examination the prosecutor
asked Curtis:

"When you testified in the district court downstairs,
under oath, and when you made a statement at the
State Police Post, in both instances, you mentioned the
involvement with Thomas Rick Brown?"

In his closing argument the prosecutor stated:

"Now, there is certainly a suspect to talk to, at this
point, because he's in the area that night. And so he
goes and talks to him, and Mr. Curtis is arrested. Mr.
Curtis, if you'll remember the testimony, made a state-
ment to the state police officer. Mr. Curtis also was
downstairs in the district court, under oath, at a prelim-
inary examination regarding this whole matter, and he
testified, under oath, then, as to all the things that
happened that night; and it is identical in its largest
respect to what he got on the stand here today and
testified to.

"There is no question about the fact that Mr. Curtis
is convicted of this crime, and is presently serving a
sentence. He was brought back here today to testify,
and he testified as to what happened.

"Mr. Brown was arrested shortly after Mr. Curtis. He
chose to plead not guilty, and that is why we are here,
having a trial."

In *People v Watson,* 307 Mich 596 (1943), the
Court held that it was error for the prosecutor to

inform the jury in his opening statement that others who had been charged jointly with Watson had pleaded guilty.

In our opinion it is even more devastating for a trial judge to remark in the presence of a jury that an accomplice had pleaded guilty to the offense for which the defendant is charged, and that he (the trial judge) had accepted such a plea. While it is true the judge's remark was made during a ruling on the privilege of a witness not to incriminate himself, the effect was certainly prejudicial to the defendant. The jury should have been excused.

In *People v Ramsey,* 385 Mich 221 (1971), the Court held that a trial judge, sitting without a jury and as the trier of fact, should not refer to the transcript of the preliminary examination. In the present case, the transcript of the preliminary examination was not in evidence and it was error for the trial judge or the prosecutor to refer to statements made by the witness during the preliminary examination.

Reversed and remanded for a new trial.

All concurred.