PEOPLE v DAVIS

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—DEFENDANT AS
   WITNESS—MOOT ISSUE.

   The admissibility of a defendant's prior felony convictions, in the
   event he took the witness stand, was a moot issue where the
   defendant elected not to testify before the judge ruled on the
   issue.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI DEFENSE—REVERSI-
   BLE ERROR.

   It is reversible error to denigrate an alibi defense as easily proven
   and hard to disprove when instructing the jury in cases tried
   after August 2, 1974; however, instructing the jury that an
   alibi defense is easily proven and hard to disprove is not
   reversible error where the case was tried in October of 1973.

DISSENT BY R. M. MAHER, J.

3. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—DEFENDANT AS
   WITNESS—DISCRETION.

   *Failure of a trial judge, upon request of a defendant, to decide
   whether to exercise his discretion to exclude any reference to
   the defendant's prior conviction record in the event he testifies
   is reversible error.*

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted Division 1 April 17, 1975,
at Detroit. (Docket No. 19372.) Decided May 28,
1975.

Clifford B. Davis was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 585.
[2] 21 Am Jur 2d, Criminal Law § 137.

Attorney, Research, Training and Appeals, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*J. Russell Hughes, P. C.,* for defendant.

Before: J. H. GILLIS, P. J., and QUINN and R. M. MAHER, JJ.

J. H. GILLIS, P. J. On the morning of January 18, 1973, two men robbed the Dobbs Clothes establishment in the City of Detroit moments after the store opened at 9 a.m. Defendant was arrested more than three months later, on April 22, 1973, when he entered the store and greeted the owner who immediately recognized him as one of the men who robbed the store in January.

On October 24, 1973, defendant was found guilty by a jury of the crime of armed robbery (MCLA 750.529; MSA 28.797) and sentenced to 15 to 25 years in prison.

On appeal defendant raises several issues for our consideration, alleging that the pretrial lineup identification procedure was unduly suggestive, that the verdict was contrary to the great weight of the evidence, that various procedural irregularities occurred at trial, and that the entire handling of the arrest, pretrial and trial effectively denied defendant a fair trial.

First, we should note that our examination of the record discloses that the pretrial lineup was not unduly suggestive.

Next, we consider defendant's request that the court suppress his prior convictions in the event that he should decide to take the witness stand. Defendant contends that the court erred in ruling on this motion. The transcript reveals that the court agreed with the argument of counsel as to misdemeanor convictions and stated that he would

rule on the felony convictions at a later point. A lunch recess was then taken and immediately after lunch, counsel announced that, following a long discussion with his client, the client had elected not to testify. The issue of the admissibility of felony convictions thus became moot.

Defendant also contends that the trial court's instruction that the defense of alibi is "easy to prove and hard to disprove" was erroneous. In *People v McCoy*, 392 Mich 231, 240; 220 NW2d 456, 460 (1974), the Supreme Court held that "[f]or cases tried after the publication of this opinion, it will be deemed reversible error (1) to denigrate the alibi defense 'as easily proven and hard to disprove' * * * ". *McCoy* was decided on August 2, 1974. Defendant's trial was in October of 1973. Thus, the trial court's instructions as of defendant's trial date were not erroneous.

The final issue which we will discuss alleges that the trial court advised the jury that identity was the sole issue of fact to be determined by them. Our examination of the record discloses that the court did not so instruct the jury.

The court stated that the prosecutor in his argument indicated that the main question in this case was the identification, but the court very carefully instructed the jury that each and every element must be established by the prosecution and that all of the elements constituting the charge must be proved and if not proved, then the jury must find the defendant not guilty.

The other allegations have been considered and we find no reversible error.

Affirmed.

Quinn, J., concurred.

R. M. Maher, J. *(dissenting)*. Counsel for defendant asked that the trial court, in the event defend-

ant testifies, exclude reference to defendant's prior convictions for purposes of impeachment. The trial judge replied:

"You want to bring some law * * * that will sustain your position on this between now and 2 o'clock? I will be glad to look it over. * * * *I am not going to cross that bridge until I see what the prosecutor is going to ask at the time and you can approach the bench.*" (Emphasis supplied.)

After a recess was taken, the following discussion took place outside the presence of the jury:

*Counsel for Defendant:* "Your Honor, I would like the record to reflect that quite a prolonged discussion with my client was had regarding the possibility of him testifying. I advised him that he has no obligation or duty whatsoever to testify and that his absence from the witness stand cannot be used in any way as far as the jury's consideration of the case is concerned. I advised him that if he did take the stand, that based on the law and court rules, the prosecutor *may* be able to ask him about any previous convictions.

"After consultation, he advises me it is his desire not to testify.

"Is that correct Mr. Davis?

*"The Court:* Is it your desire not to testify on the stand, Mr. Davis?

*"Defendant:* I would like to but I can't see where it means to gain anything.

*"The Court:* You have weighed the options and alternatives and it is your desire and you did so advise your attorney that you did not wish to take the stand, is that correct?

*"Defendant:* Well, I don't want to take the stand but—

*"The Court:* I didn't get the answer. You better come up here by the microphone.

"Now, your attorney has indicated to the court that he has discussed this matter of whether you should take the stand and testify in your own behalf or not. He

indicates to the court that he has advised you that you do have a right to testify if you so desire. Of course if you do testify it subjects you to cross examination to test the credibility of yourself, which *might* relate to prior convictions and other matters of that sort to enable the jury to determine your credibility as a witness, and you also have the right not to take the stand. If you do not take the stand and testify the court would instruct the jury—and your attorney so advised you—that they should not draw any inference from the fact that you failed to take the stand. You were exercising a constitutional right.

"Now, understanding these rights, and under these circumstances, do you desire not to take the stand, as your attorney said?

*"Defendant:* Yes." (Emphasis supplied.)

The possibility of impeachment by prior convictions must be considered in determining whether or not a defendant will exercise his right to take the stand in his own defense. This is why counsel requested that the trial court exercise its discretionary authority to refuse to allow reference to defendant's record prior to a decision as to whether or not defendant would testify. As the Supreme Court stated in *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974):

"[T]he trial judge shall, upon request, in the exercise of his discretion, decide whether to exclude any reference to [defendant's] prior conviction record."

The trial judge in this case, however, refused to "cross that bridge" until defendant had already taken the stand and the prosecutor had begun his cross-examination. It is for this reason that I respectfully dissent. The trial judge erred by failing to exercise his discretion when defendant moved to exclude reference to his record prior to his decision whether or not to take the stand. *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975).