PEOPLE v EVANS

Docket No. 78-945. Submitted September 4, 1979, at Lansing.—Decided March 5, 1980.

David Evans was convicted of delivery of heroin, Washtenaw Circuit Court, Patrick J. Conlin, J. The defendant appeals, alleging 1) that evidence of a defendant's prior convictions should be excluded in all circumstances, and 2) that the trial court erred in taking under advisement until after the defendant testified the defendant's motion to exclude evidence of the defendant's prior convictions. *Held:*

1. The defendant's first claim has no support in Michigan law.

2. By taking the defendant's motion under advisement until the defendant decided to take the stand, the trial court improperly failed to exercise its discretion. This error was not harmless under the circumstances.

Reversed and remanded.

M. J. KELLY, P.J., dissented. He would hold that the defendant had a fair trial, that the defendant was properly convicted by a jury, that the error was harmless and that there was no manifest injustice. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — DISCRETION — CONSIDERATIONS.

A trial judge, when requested, must exercise his discretion in determining whether to exclude reference to a prior conviction record by considering the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
    81 Am Jur 2d, Witnesses §§ 525, 582.
[2] 5 Am Jur 2d, Appeal and Error §§ 807, 809.

DISSENT BY M. J. KELLY, P.J.

2. CRIMINAL LAW — APPEAL AND ERROR — EVIDENCE — INSTRUCTIONS
   TO JURY.

   *Any error which may have occurred when a witness, who was
   testifying on behalf of a defendant at the defendant's trial for
   delivery of heroin, mentioned on cross-examination that the
   defendant had previously been engaged in the delivery of
   heroin was harmless where the trial court gave a limiting
   instruction that that cross-examination testimony was not to be
   considered as evidence of the defendant's guilt or innocence.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *John W. Stanowski,*
Assistant Prosecuting Attorney, for the people.

*Robert E. Helm,* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH
and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury
of delivery of a controlled substance, heroin, in
violation of MCL 335.341; MSA 18.1070(41), sen-
tenced to a term of 6 years and 6 months to 20
years, and appeals by right.

Initially, the claim is asserted that evidence of a
defendant's prior convictions should be excluded in
all circumstances. We reject this contention for the
reason that there is no supporting authority in the
State of Michigan.

It is next urged that the trial court erred in
taking under advisement defendant's motion to
exclude evidence of his prior convictions until
after defendant testified. Specifically, the trial
court stated:

"You can use it if, at the end of his testimony, I deem
it necessary, or, in other words, if it has probative value
relating to veracity. In other words, if I think, after his
testimony, there is a reason to go into it because he

may not be telling the truth and the jury should consider that, at that time, we will approach the bench and go into it at that time."

The trial court's awareness of the need to balance the probative value of the testimony against the prejudice to the defendant was of little avail to the defendant in this instance because, by taking the request to exclude under advisement, the trial court effectively failed to exercise its discretion. See *People v McCartney,* 60 Mich App 620, 624; 231 NW2d 472 (1975), and *People v Jones,* 92 Mich App 100; 284 NW2d 501 (1979).

The similarity of the crimes, the failure of the defendant to take the stand, and the importance of the defendant's testimony to his defense coupled with the elicitation through another witness of defendant's prior record, including prior dealings and arrests, persuades us that this error cannot be termed harmless.

Accordingly, we reverse and remand for a new trial.

M. J. KELLY, P.J. *(dissenting).* I agree with the majority on all save the question of harmless error. At the time of defendant's arrest he had in his possession 29 $50 packets of heroin. The defense called as its only witness Robert Evans, the brother of the defendant, who testified that defendant was with him and:

"I know when he is with me, he is not into nothing else.

*"Q. [By the prosecuting attorney on cross-examination].* What do you mean by that?

*"A.* Like what he's into now.

*"Q.* Delivery of heroin?

*"A.* Yes.

"*Q.* He has done this before?
"*A.* Yes."


Upon request the court gave a limiting instruction that that cross-examination testimony was not to be considered as evidence of defendant's guilt or innocence.

I am convinced that defendant had a fair trial, that he was properly jury-convicted, that the error was harmless and that there was no manifest injustice.

I would affirm.