## PEOPLE v LYTAL

Docket No. 78-3013. Submitted January 3, 1980, at Lansing.—Decided
March 17, 1980. Leave to appeal applied for.

David Lytal was convicted of four counts of possession with intent
to deliver a controlled substance, Saginaw Circuit Court, Gary
R. McDonald, J. Defendant appeals. On appeal, defendant raises
five issues. 1. Did the court's ruling, evidence and argument
concerning defendant's prior conviction constitute reversible
error? 2. Was the defendant denied a fair trial where the
prosecutor examined his own accomplice witnesses regarding
their convictions arising out of the present incident and then
referred to those convictions in closing argument? 3. Did the
trial court err in permitting the prosecutor to introduce as
witnesses the unindorsed alleged accomplices of the defendant?
4. Was the trial court's instruction on the element of intent to
deliver inappropriate in the context of the particular facts
adduced at trial? 5. Did the trial court err in failing to suppress
defendant's statement to the police where the police failed to
notify defendant's counsel and where the statement allegedly
was induced by unkept promises of leniency? *Held:*

1. A trial court must exercise its discretion when requested to
exclude references to a defendant's prior conviction record, but
the exercise of that discretion need not take place as soon as a
motion to suppress is made. Where a defendant chooses to

REFERENCES FOR POINTS IN HEADNOTES

[1,2,5] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2-4] 75 Am Jur 2d, Trial § 30.
[6] 81 Am Jur 2d, Witnesses § 618.
[7] 4 Am Jur 2d, Appeal and Error § 541.
[8] 75 Am Jur 2d, Trial § 315 *et seq.*
[9,10] 81 Am Jur 2d, Witnesses § 518
[11,12] 81 Am Jur 2d, Witnesses § 632 *et seq.*
[13] 81 Am Jur 2d, Witnesses § 2.
[14] 81 Am Jur 2d, Witnesses §§ 2, 74.
[15] 5 Am Jur 2d, Appeal and Error § 891.
[16] 75 Am Jur 2d, Trial § 575.
[17] 29 Am Jur 2d, Evidence § 611 *et seq.*
[18] 29 Am Jur 2d, Evidence § 611 *et seq.*

testify whether or not impeachment by evidence of a prior conviction is permitted, there should be no objection to a judicial reservation of the court's discretionary decision to include or exclude evidence of a prior conviction until after hearing defendant testify. The trial court did not err in reserving its decision concerning the admission of evidence of defendant's prior conviction or in ruling that evidence of defendant's prior conviction for intent to deliver a controlled substance was admissible for impeachment purposes because the credibility of a witness may be attacked by proof that material facts are other than as testified to by the witness under attack and evidence of defendant's conviction tended to show that the material facts regarding his knowledge of the identity of substances was other than as testified to by the defendant on direct examination. Defendant's claim that it was reversible error for the prosecutor to argue that the defendant's prior conviction indicated that defendant was acting in conformity with his prior conduct is unpersuasive. The remark standing alone might be seen as improper, but it does not constitute reversible error because any undue prejudicial effect could have been eliminated by a curative instruction, if one had been requested by the defendant upon a timely objection. Furthermore, the prosecutor's remarks were not objected to and there is no indication of a miscarriage of justice. This precludes appellate review.

2. Absent a request by defense counsel, neither the prosecutor nor the trial judge is under an obligation to reveal to the jury information that an accomplice has been granted immunity or other leniency to secure his testimony at trial. Furthermore, evidence of an accomplice's plea of guilty or conviction following a trial is admissible where such evidence is used merely to restore credibility or to refute that the accomplice witness is not testifying to obtain a break from the prosecutor.

3. The prosecutor has no obligation to indorse or call accomplice witnesses. His decision to call an unindorsed accomplice as a witness at trial was not improper.

4. There is no merit to defendant's challenge to the court's jury instructions. Defendant made no objection at trial. Failure to object precludes appellate review in the absence of manifest injustice. The record discloses that the trial judge fulfilled his responsibility to see that the case went to the jury in an intelligent manner so that they would have a clear and correct understanding of what it was they were to decide. There is no showing of a miscarriage of justice.

5. The record supports the trial court's finding that the

statement to a policeman was voluntary. Defendant's motion to suppress this statement was properly denied. The statement was voluntary and admissible because the accused instigated the contact with the policeman and thereafter made the statement to him in the absence of counsel.

Affirmed.

1. Criminal Law — Evidence — Prior Convictions — Impeachment — Discretion.

Motions to exclude the use of evidence of a defendant's prior convictions for impeachment are left to the sound discretion of the trial judge and a request to exclude references to a defendant's prior convictions requires an exercise of the court's discretion; no existing precedent mandates that the exercise of the court's discretion must take place as soon as the motion is made.

2. Criminal Law — Evidence — Prior Convictions — Impeachment — Discretion — Reservation of Discretion.

A trial judge should immediately exercise his discretion where a party requests him to exclude or include reference to a defendant's prior conviction for the purpose of impeaching the defendant's testimony; however, an exception to this rule exists in some instances where there is no need for a discretionary decision until the trial judge can make an intelligent and reasoned appraisal based upon the circumstances as revealed at trial.

3. Criminal Law — Evidence — Witnesses — Defendant as Witness — Prior Convictions — Impeachment — Discretion — Reservation of Discretion.

A trial judge may reserve his decision to rule upon the admissibility of evidence of prior convictions until after a defendant's trial testimony, where the defendant has indicated that he will testify notwithstanding the possibility of an adverse ruling by the trial judge.

4. Criminal Law — Evidence — Prior Convictions — Impeachment — Discretion — Immediate Decision.

A trial judge should immediately render his decision on whether or not to admit or exclude evidence of a defendant's prior convictions where the defendant demands an immediate ruling so that he may better determine whether to take the witness stand in his own behalf; this is so because there may be situations in which the defendant's very decision to testify may

be contingent upon whether or not the trial judge permits impeachment by evidence of prior convictions.

5. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT — GREAT CARE NECESSARY — CHARACTER OF WITNESS.

Evidence of conviction of a crime is generally admissible for impeachment purposes; however, such evidence should be admitted with great care because it reflects on the character of the witness for truthfulness or mendacity.

6. WITNESSES — CREDIBILITY — VARIANCE IN TESTIMONY — PROOF OF MATERIAL FACTS.

The credibility of a witness may be attacked by proof that material facts are otherwise than as testified to by the witness under attack.

7. APPEAL — CRIMINAL LAW — ARGUMENT OF COUNSEL — PRESERVING QUESTION.

Appellate review of alleged improprieties in a prosecutor's remarks is precluded in the absence of objection at trial unless failure to consider the issue would result in a miscarriage of justice.

8. CRIMINAL LAW — ARGUMENT OF COUNSEL — PREJUDICE — OBJECTIONS — CURATIVE INSTRUCTIONS.

No error results because of a prosecutor's allegedly improper remarks where any undue prejudicial effect could have been eliminated by a curative instruction, if one had been requested upon a timely objection, and no such request had been made.

9. WITNESSES — CRIMINAL LAW — PROSECUTOR DEALS — DISCLOSURE.

Upon request by the defendant, the prosecution is under an affirmative duty to disclose any deal made in exchange for a witness's testimony, especially where the defense does not have specific knowledge of the agreement.

10. WITNESSES — CRIMINAL LAW — ACCOMPLICES — COCONSPIRATORS — REWARD FOR TESTIMONY — DISCLOSURE.

The grant of immunity or other leniency to an accomplice or coconspirator to secure his testimony makes it incumbent upon the prosecutor and the trial judge, if the fact comes to the court's attention, to disclose such fact to the jury upon request of defense counsel; if defense counsel fails to make the necessary request, neither the prosecutor nor the trial judge is under an obligation to reveal to the jury the information that an accomplice has been granted immunity or other leniency to secure his testimony.

11. Witnesses — Criminal Law — Qualifications — Interest or Bias — Relationship with Accused.

Proof of anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness is proper; this includes proof of any fact tending to show the absence of interest or bias which a witness might naturally be supposed to possess; therefore, a party should be given broad leeway to establish the qualifications and background of his witness, including neutralization of a natural inference that the witness may be biased or prejudiced because of his relationship with an accused.

12. Witnesses — Criminal Law — Accomplices — Evidence — Guilty Plea — Conviction — Witness Credibility.

Generally, an accomplice's plea of guilty or conviction following a trial is inadmissible as substantial evidence against another person; however, evidence of the prior plea or conviction may be used to restore the witness's credibility or to refute claims that the witness is testifying to obtain a break from the prosecutor.

13. Witnesses — Criminal Law — Res Gestae Witnesses — Information — Duty to Call — Accomplices — Indorsement.

A prosecutor is required to indorse all res gestae witnesses who are known to him at the time of filing an information; however, a prosecutor is under no obligation to indorse an accomplice or participant in the crime even if known to the prosecutor, nor is the prosecutor required to produce or call an accomplice even though indorsed on an information.

14. Witnesses — Criminal Law — Accomplice Witnesses — Called at Trial — Surprise — Adjournment.

A prosecutor has no obligation to indorse, produce or call accomplice witnesses; therefore, and because of this trial rule, a trial court may properly allow a prosecutor to call an accomplice witness who has not been indorsed especially where the defendant does not claim surprise or ask for an adjournment to prepare for trial.

15. Appeal and Error — Instructions to Jury — Failure to Object — Miscarriage of Justice.

Failure to object to allegedly erroneous jury instructions precludes appellate review of those instructions in the absence of manifest injustice.

16. Criminal Law — Trial — Jury — Judge's Discretion.

A trial judge in a criminal prosecution has the responsibility to

see that the case goes to the jury in an intelligent manner so that the jury may have a clear understanding of what it is they are to decide.

17. Criminal Law — Appeal and Error — Statement to Police — Voluntariness — Findings of Fact — Review.

A trial court's findings of fact at a hearing to determine the voluntariness of a defendant's statement to the police will be upheld on appeal where the findings are amply supported by a record which does not leave the reviewing court with a definite and firm conviction that a mistake has been made.

18. Criminal Law — Assistance of Counsel — Statement to Police — Voluntariness — Constitutional Law.

A defendant's constitutional rights to remain silent and to the assistance of counsel are not violated where the defendant instigates a contact with a policeman and thereafter makes a statement to him in the absence of counsel; the statement is admissible at trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Appellate Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: Allen, P.J., and V. J. Brennan and MacKenzie, JJ.

Allen, P.J. Defendant appeals from his February, 1978, jury convictions of four counts of possession with intent to deliver a controlled substance contrary to MCL 335.341(1)(b); MSA 18.1070(41)(1)(b). He was sentenced to concurrent prison terms of 4 to 7 years on each of the first two charges and 10 to 20 years on each of the other two charges. Five issues are raised on appeal.

*I. Did the ruling, evidence and argument con-*

*cerning defendant's prior conviction constitute reversible error?*

At the close of the prosecutor's case in chief, but prior to commencement of defendant's case, the prosecution sought permission to impeach defendant's credibility with evidence of a single 1977 conviction for possession with intent to deliver a controlled substance. Defense counsel objected and requested that evidence of the prior conviction be excluded because of its overwhelming prejudicial effect. In response to the motion, the trial judge, after indicating that the issue was one addressed to his discretion, ruled:

"There is no question in the Court's mind that there could be prejudicial effect.

"However, I would like to reserve my ruling on this, because I think this depends on the testimony of the defendant, if he takes the stand. I think my—I'm going to reserve ruling until the direct examination has been finished of the defendant, Mr. Lytal, and then at that time, I'll look at the previous conviction in light of the testimony that has been given to determine whether or not it would be probative value at that time."

No objection was made by defense counsel to this ruling whereupon, after a short recess, defendant took the stand and testified regarding his lack of knowledge concerning the contents of bottles shown to him by purported accomplices. Following the direct examination of defendant, the prosecutor moved to use evidence of defendant's prior conviction for impeachment purposes during his cross-examination. Defense counsel again objected to the use of evidence of this conviction on the basis that its prejudicial effect far outweighed any probative value, and that "it is not offered to impeach, but merely to convict him on this charge". The trial court rejected this contention

and permitted the prosecutor to use evidence of the prior conviction for impeachment purposes, ruling:

"There is no question, of course, as any criminal conviction, I think, is prejudicial to a defendant. That, I think, the Court will always accept.

"The question is whether or not the prejudice outweighs the probative value, and in this particular case and after reviewing the direct testimony of the defendant, Mr. Lytal, the Court has determined that there is probative value on this particular conviction, because the defendant has apparently stated that he cannot read or write, and is not familiar with drugs or bottles, or whatever, and has denied that the box—he had any knowledge that the box contained controlled substances when he saw it.

"I think that previous experience of the defendant in another drug, of course, is probative value, and does have probative value for the jury to decide.

"So, the Court will allow the Prosecution to impeach by prior conviction."

The prosecutor made only one reference to this conviction in his initial question on cross-examination of the defendant.

"*[Prosecutor]*: Mr. Lytal, in 1977, were you arrested and subsequently convicted in this Circuit Court for Saginaw County? On February the 14th of 1977, did you plead guilty, and were convicted of the crime of possession with intent to deliver a controlled substance, diazapane.

"*[Defendant]*: Yes, I was."

Defense counsel made reference to this conviction on redirect examination by following up on defendant's earlier testimony that the reason he did not want anything to do with the illegal drugs possessed by the alleged accomplices was because he

"didn't want to get in no trouble" since he was already on probation from his earlier conviction.

On appeal, defendant raises numerous issues based on the foregoing occurrences which he contends justify reversal.

First, defendant maintains that the trial judge erred in reserving his ruling on the admissibility of evidence of defendant's prior conviction until after defendant had testified. Defendant argues thus:

> "Motions to exclude the use of prior convictions for impeachment are left to the sound discretion of the trial judge. *People v Jackson,* 391 Mich 323, 336 [217 NW2d 22] (1974); MRE 609(a). When invoked, this discretion must not only be recognized but exercised. *People v Jackson, supra; People v Cherry,* 393 Mich 261 [224 NW2d 286] (1974). In the instant case Judge McDonald identified the decision to be made but declined to make it until after Defendant testified on direct. He thus effectively refused to exercise his discretion when requested to do so and thereby committed reversible error. *People v McCartney,* 60 Mich App 620, 624 [231 NW2d 472] (1975); *People v Davis,* 61 Mich App 220, 224 [232 NW2d 683] (1975) (MAHER, J., dissenting)."

In *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975), a panel of this Court ruled that the trial judge erred in stating that "it could not decide this discretionary matter until the defendant had taken the stand and the prosecutor had laid an adequate foundation to question the defendant concerning his prior criminal record". In reaching this conclusion the Court reasoned that the decisions in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), holding that a trial judge must exercise his discretion in determining whether to exclude reference to a prior conviction

record for impeachment purposes, mandate that the trial court *immediately* exercise its discretion at the time the request is made by one of the parties. Our reading of those cases does not convince us that this conclusion is properly founded. Both *People v Jackson, supra,* and *People v Farrar, supra,* stand for the proposition that the trial court must exercise its discretion when it is requested to exclude references to a defendant's prior conviction record. Neither case holds that the exercise of that discretion must take place as soon as the motion is made. In fact, the only case in which such a holding has been rendered is *People v McCartney, supra.*[1]

While it is true that in most instances the trial judge should immediately exercise his discretion when requested by a party to exclude or include reference to a defendant's prior conviction for the purpose of impeaching the defendant's testimony, in situations such as the present one, there is no need to do so until the trial judge can make an intelligent and reasoned decision based upon the circumstances as revealed at trial.

In *Jackson* the Michigan Supreme Court cited with approval the adoption by this Court in *Farrar* of the guidelines for the exercise of the trial court's discretion which were explained in *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967):

"Among the factors to be considered are the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not

---

[1] The recent decision of this Court in *People v Evans,* 96 Mich App 55; 292 NW2d 162 (1980), follows the reasoning of *People v McCartney, supra,* but, like *McCartney,* is distinguishable from the instant case for the reasons, *inter alia,* stated in the text of this opinion.

testify from fear of impeachment by prior convictions."
391 Mich 323, 333.

The Court in *People v McCartney, supra,* felt that
the third factor noted above is violated where the
trial court reserves its ruling because the deci-
sional process is affected by the defendant's resolve
not to testify from fear of possible impeachment by
the prior convictions sought to be suppressed. This
factor is of no concern where, as in the case at bar,
the defendant takes the stand and is able to pres-
ent his defense and "tell his side of the story".
Naturally, where a defendant chooses to testify
whether or not impeachment by evidence of a
prior conviction is permitted, it cannot be said
that the decisional process is adversely affected by
the judge's reservation. Rather, if anything, the
trial judge's withheld decision in this situation
permits the judge to more carefully consider the
impact which the admissibility of the evidence of a
prior conviction will have on the purpose for
which it is admitted, *i.e.,* impeaching defendant's
testimony. In short, once the defendant has indi-
cated that he will testify, notwithstanding the
possibility of an adverse ruling by the trial judge,
the judge is then put in a better position to "con-
sider the nature of the prior offense" as it relates
to defendant's credibility and the impeachment of
his testimony.

In so ruling, however, it must be emphasized
that if the defendant demands an immediate rul-
ing so that he may better determine whether to
take the witness stand in his own behalf, the trial
judge should immediately render his decision.[2]

---

[2] In such a case the trial judge, if he feels that it is necessary to
know the gist of the defendant's case or the substance of his testi-
mony in order to properly exercise his discretion in the matter,
should conduct a hearing, outside the presence of the jury.

This is because there may be situations in which the defendant's very decision to testify may be contingent upon whether or not the trial judge permits impeachment by prior conviction. However, where, as here, the defendant fails to object to the trial judge's decision to reserve his ruling and then proceeds to testify in his own behalf, it cannot be said that the trial judge erred in refusing to exercise his discretion promptly. Consequently, this case is distinguishable from *People v McCartney, supra,* because there the defendant failed to take the stand out of fear that the trial judge would return with an adverse ruling to his request to suppress evidence of his prior convictions. In contrast, in the instant case, the defendant took the stand and fully testified without objecting to the trial court's reservation of the parties' motion to suppress. A review of the record gives us the firm impression that the defendant would have testified, as he did, regardless of the trial court's decision.

Did the trial court abuse its discretion in ruling that evidence of defendant's prior conviction for possession with intent to deliver a controlled substance was admissible for impeachment purposes? The decision to allow impeachment by evidence of a prior conviction was within the discretion of the trial court, MCL 600.2159; MSA 27A.2159, *People v Jackson, supra.*

"Although evidence of similar prior convictions should be admitted with great care, *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), similarity does not per se bar every impeachment by evidence of a prior similar conviction, *People v Cash,* 80 Mich App 623; 264 NW2d 78 (1978), *People v Townsend,* 60 Mich App 204; 230 NW2d 378 (1975). Furthermore, a prior conviction

need not be specifically in the area of dishonesty, as fraud or embezzlement, for evidence of it to be admissible for impeachment. *People v Cash, supra, People v Payne,* 27 Mich App 133; 183 NW2d 371 (1970)." *People v Hughes,* 93 Mich App 333; 287 NW2d 226 (1979).

Impeachment by evidence of conviction of a crime is generally admissible, subject to some rigorous qualifications, because it reflects on the character of the witness for truthfulness or mendacity. See McCormick, Evidence (2d ed), §§ 41, 43, pp 81, 84. Another way of attacking the credibility of a witness is by proof that material facts are otherwise than as testified to by the witness under attack. *Id.,* § 33, p 66. In the case at bar the trial court admitted evidence of defendant's prior conviction because it tended to show that the material facts regarding his knowledge of the identity of substances in the instant case were otherwise than as testified to by defendant on direct examination. That is, to the extent that defendant testified that he did not know that the substances shown to him by alleged accomplices were illegal narcotics, then evidence that defendant was familiar with controlled substances tended to discredit or impeach his testimony. Therefore, we cannot conclude that the trial court abused its discretion in admitting such evidence for impeachment purposes. *People v Worden,* 91 Mich App 666, 675; 284 NW2d 159 (1979).[3]

---

[3] In so holding we urge the trial judge to use extreme caution in admitting evidence of prior convictions for impeachment purposes where, as in the instant case, the prior conviction and the instant charges are similar. The normal rule in such an instance is to consider the similarity as a factor weighing heavily against admissibility. *People v Baldwin, supra, People v Green, supra.* However, since in the case at bar the defendant's prior conviction is offered as evidence of a fact disputing a material portion of the defendant's testimony, it impeaches the direct testimony of the defendant and does not merely suggest to the jury that "if he did it before he probably did so this time". *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967).

The prosecutor, in closing argument, referred to the defendant's prior conviction five separate times. On four occasions, the prosecutor argued that the prior conviction was probative of the defendant's credibility and also of the defendant's knowledge and intent concerning the illegal nature of the drugs which he allegedly possessed. On the fifth occasion, the prosecutor argued that the prior conviction was evidence that the defendant was simply continuing on a previous course of conduct. Defense counsel did not object to any of these arguments. In fact, during his closing argument, defense counsel argued that the defendant's mere plea of guilty to the prior offense could not be construed as evidence that defendant knew and was aware of the contents of the controlled substances in the instant case.

The trial court, in its instructions to the jury, stated:

"There is evidence that the Defendant has a prior criminal conviction which has been alluded to. This evidence is to be considered by you only insofar as it may affect the Defendant's credibility, believability, as a witness. It is not to be considered by you as evidence of his guilt of this crime."

On appeal, defendant claims that it was reversible error for the prosecutor to argue that the defendant's prior conviction indicated that defendant was acting in conformity with his prior conduct.

Since the remarks of the prosecutor were not objected to, appellate review is foreclosed unless the failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), *People v Alcala,* 396 Mich 99; 237 NW2d 475 (1976). Such is not the case

here. The prosecutor incorrectly argued that the defendant's prior conviction could be considered as *substantive* evidence of defendant's lack of knowledge of the identity of the substances in the instant case. Evidence of defendant's prior conviction had not been introduced at trial under the so-called "similar acts" statute and, thus, it could not be considered as substantive evidence of his intent or knowledge in the instant case. MCL 768.27; MSA 28.1050. However, at the very beginning of his argument to the jury, the prosecutor informed the jury of the limited use of this evidence, *i.e.*, that it could be used to discredit defendant's direct testimony that he did not know that the contents of various bottles contained illegal narcotics. In addition, the trial judge specifically charged the jury that evidence of the defendant's prior conviction could be considered by them only as bearing on the believability of his testimony. This should have been sufficient to inform the jury of the limited nature for which the evidence could be considered.

The same rationale applies to the prosecutor's argument concerning evidence of defendant's prior conviction as evidence of his acting in conformity therewith in the instant occasion. Although if standing alone this remark could be seen as improper, it does not constitute reversible error in this case because any undue prejudicial effect could have been eliminated by a curative instruction if one had been requested upon a timely objection. *People v Duncan, supra,* at 16-17, *People v Hall,* 396 Mich 650, 655; 242 NW2d 377 (1976), *People v Walker,* 93 Mich App 189; 285 NW2d 812 (1979).

II. *Was the defendant denied a fair trial where the prosecutor examined his own accomplice wit-*

*nesses regarding their convictions arising out of the present incident, and then referred to those convictions in closing argument?*

On appeal, defendant claims that he was prejudiced by the prosecutor's examination of defendant's alleged accomplices, as witnesses for the prosecution, regarding their convictions and punishment arising out of the present incident.[4] Defendant notes that the testimony was not elicited for the purposes of impeaching the witness or to fulfill any prosecution duty to reveal promises made in exchange for the testimony of its witnesses, as required by *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976), and *People v Nettles,* 41 Mich App 215; 199 NW2d 845 (1972). On the contrary, defendant observes, the prosecutor was seeking to bolster the credibility of his witnesses by showing that there were no deals made for their testimony, and that to do this the prosecutor needed to show that both Diaz and Tackleberry had been convicted and sentenced. This allegedly constitutes error on authority of *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), *People v Eldridge,* 17 Mich App 306; 169 NW2d 497 (1969), *People v Crawl,* 401 Mich 1, 33; 257 NW2d 86 (1977) (LEVIN, J.,

---

[4] Defendant's alleged accomplices, Diaz and Tackleberry, gave testimony as witnesses for the prosecution. On direct examination by the prosecutor, Diaz testified that in regard to the present incident, he had pled guilty to possession with intent to deliver, and was awaiting sentence. Diaz was asked whether, when he pled guilty, it was part of his plea bargain that he had to testify against defendant. Diaz replied that it was not. Tackleberry was also questioned on direct examination in regard to the present incident. Tackleberry testified that he was prosecuted and convicted of possessing a controlled substance and larceny in juvenile court. In reply to the prosecutor's question, Tackleberry stated that he had been placed on probation and had been incarcerated for some time. Tackleberry was asked by the prosecutor whether, when he pled guilty to these charges and was sentenced, any prosecutor had talked to him about testifying against defendant. Tackleberry replied that no agreement had been made to the effect that he would have to testify against defendant.

dissenting), and *People v Brown,* 44 Mich App 402; 205 NW2d 207 (1973).

The prosecutor responds that the purpose for eliciting this testimony was to rebut the natural inference that a "deal" was made between the prosecutor and the witnesses in order to obtain their favorable testimony at trial. In addition, the prosecutor contends that not only did defendant fail to object to this testimony but defense counsel pursued this line of questioning on cross-examination.

By now it is clear that the prosecution is under a duty to disclose any deal made in exchange for a witness's testimony where the defense does not have specific knowledge of the agreement. *People v Atkins, supra, People v Nettles, supra, People v Evans,* 30 Mich App 361; 186 NW2d 365 (1971), *People v Love,* 43 Mich App 608, 613; 204 NW2d 714 (1972), *People v Mata (On Remand),* 80 Mich App 204; 263 NW2d 332 (1977), *People v Tillman,* 85 Mich App 425; 271 NW2d 261 (1978), *rev'd on other grounds* 406 Mich 898 (1979), *People v Dietrich,* 87 Mich App 116; 274 NW2d 472 (1978). Defense demand triggers the prosecutor's duty to disclose information to the jury, unless false information is given, in which case the prosecutor's duty is triggered, notwithstanding the lack of a request by the defense. *People v Tillman, supra,* at 432-433, *People v Mata (On Remand), supra.*

"Where an accomplice or co-conspirator has been granted immunity or other leniency to secure his testimony, it is incumbent upon the prosecutor and the trial judge, if the fact comes to the court's attention, to disclose such fact to the jury *upon request of defense counsel." People v Atkins, supra,* at 173 (Emphasis added.)

Thus, absent a request by defense counsel, neither the prosecutor nor the trial judge is under an *obligation* to reveal to the jury information that an accomplice has been granted immunity or other leniency to secure his testimony in the instant trial.

The issue presented, however, is more complex and of first impression. It raises the question of whether, absent such a request by the defense, the prosecutor is permitted to anticipate a cross-examination by defense counsel of alleged accomplice witnesses for the prosecution on the matter of a prior deal with the prosecutor in exchange for their testimony and thereby raise the issue on direct examination. We conclude that the prosecutor did not prejudice the defendant's cause by doing so in this case.

Initially we note that the purpose of the prosecutor's presently challenged examination of the two accomplice witnesses was to bolster their credibility by illustrating to the jury that they had nothing to gain in testifying as prosecution witnesses against the defendant. Since the granting of immunity or the promise of leniency to an accomplice creates a situation in which the probability of false swearing or bias against the defendant is heightened, it follows that the accomplice witnesses' testimony is subject to serious impeachment if such an arrangement exists. 3A Wigmore, Evidence (Chadbourn Rev), § 967, p 814. In light of this probability, the prosecutor no doubt calculated that the best trial strategy was to expose or to nullify this possibly discrediting evidence at the outset. The issue then is whether the use of this trial strategy unduly affected defendant's right to a fair trial.

Generally, absent an attack upon the credibility

of a witness no sustaining evidence is allowed. McCormick, Evidence (2d ed), § 49, p 102. However, in calling a witness to testify, a party may prove any fact tending to show the absence of interest or bias which a witness might naturally be supposed to possess. Thus, for the purpose of setting the scene and establishing the foundational factors by which a witness is competent to testify, a party should be given broad leeway to establish the qualifications and background of his witness, including neutralization of a natural inference that the witness may be biased or prejudiced because of his relationship with the accused. See e.g., 88 CJS, Trial, § 99, p 211. Although a witness's character for veracity is presumed, 98 CJS, Witnesses, § 459, p 323, Wigmore, Evidence (Chadbourn Rev), § 1104, p 233, as a general rule,

"Anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness, including the surrounding facts and circumstances, is proper to be shown and considered in determining the credit to be accorded his testimony." 98 CJS, Witnesses, § 460, p 323-324.

Therefore, the prosecutor did not behave inappropriately by seeking to establish that the two accomplice witnesses, called by the state to testify against the defendant, were not interested in slanting their testimony in favor of the state due to a possible arrangement between the prosecutor's office and the witnesses.

In so ruling we are not unmindful of the decisions reached in *People v Brocato, supra, People v Eldridge, supra,* and *People v Brown, supra.* However, the situation in the instant case is clearly distinguishable from those presented in the forego-

ing cases. In considering the same issue in *People v Crawl, supra,* a panel of this Court held:

"It is recognized that a codefendant's or accomplice's guilty plea cannot be employed as substantive evidence of the accused's guilt. *People v Brocato,* 17 Mich App 277 [169 NW2d 483] (1969); *People v Eldridge,* 17 Mich App 306 [169 NW2d 497] (1969). However, the purpose of eliciting testimony regarding the witness's guilty plea here was not to establish defendant's guilt, but rather to establish that the witness was not testifying to obtain a 'break' from the prosecutor. * * * Clearly, the prosecutor's primary objective here was not to use the witness's guilty plea as substantive evidence of the guilt of the accused, but rather to restore the witness's credibility, which had been assaulted by defense counsel." 47 Mich App 749, 752; 209 NW2d 809 (1973).

The issue was appealed to the Michigan Supreme Court, which, in a 4-3 decision, concluded that the issue did not "warrant a complete reversal and the granting of a new trial". 401 Mich 1, 15, 17; 257 NW2d 86 (1977).[5] Accordingly, the long-established common-law rule that an accomplice's plea of guilty or conviction following a trial is not admissible against another person is inapplicable where it is used merely to restore or to refute that the witness is not testifying to obtain a "break" from the prosecutor.

Likewise, we find without merit defendant's challenge to the adequacy of the trial court's instruction concerning the closing arguments by the prosecutor based upon the challenged testi-

---

[5] In addition, even the dissenting Justices in *People v Crawl,* lead by Justice LEVIN, concluded that the rebuttal by the prosecutor that its chief witness, an accomplice of defendant, had no personal motive for assisting the police and testifying against the defendant, was permissible under the circumstances, so long as the jury is "fully and accurately informed" of any arrangement between the witness and the prosecutor or police.

mony. *People v Watson,* 307 Mich 596, 605; 12 NW2d 476 (1943), *cert den,* 323 US 749; 65 S Ct 81; 89 L Ed 600 (1944), *reh den* 323 US 815; 65 S Ct 127; 89 L Ed 648 (1944), *People v Willie Smith,* 43 Mich App 562, 564-565; 204 NW2d 555 (1972).

III. *Did the trial court err in permitting the prosecutor to introduce as witnesses the unindorsed alleged accomplices of defendant?*

During the trial, defense counsel objected to the prosecution's offering Mr. Diaz as a witness since he had not been indorsed as one of the people's witnesses on the information. After concluding that Diaz was charged with an offense arising out of the transaction at issue in the present trial, and thus was an "accomplice", the trial court decided that it was not necessary for the prosecution to indorse him prior to his testifying. Later in the trial, the prosecutor indicated that defense counsel had asked him to have Tackleberry (also unindorsed) present at the trial, and the prosecutor indicated that he might use Tackleberry as a prosecution witness. Diaz and Tackleberry ultimately testified as prosecution witnesses.

The issue presented is also one of first impression and requires us to determine if the prosecution is precluded from calling as its own witness an accomplice who is not otherwise indorsed.

MCL 767.40; MSA 28.980 requires the prosecutor to indorse all res gestae witnesses who are known to the prosecutor at the time of filing the information. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963), *People v Abrego,* 72 Mich App 176; 249 NW2d 345 (1976), *People v Johnson,* 65 Mich App 290; 237 NW2d 295 (1975), *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).

One well-recognized exception to this rule is that the prosecution is under no obligation to indorse

an accomplice or participant in the crime, even if known to the prosecution prior to or at trial. *People v Raider,* 256 Mich 131; 239 NW 387 (1931), *People v Lyle Brown,* 37 Mich App 25; 194 NW2d 450 (1971), *People v Irwin,* 47 Mich App 608; 209 NW2d 718 (1973), *lv den* 390 Mich 803 (1973), *People v Threlkeld,* 47 Mich App 691; 209 NW2d 852 (1973), *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976). Nor is the prosecution required to produce or call an accomplice even though indorsed on the information. *People v Potts,* 55 Mich App 622, 626-627; 223 NW2d 96 (1974), *lv den* 396 Mich 826 (1976), *People v Resh,* 107 Mich 251; 65 NW 99 (1895). But, is the converse true: can the prosecutor call an accomplice witness even though not indorsed on the information?

In *People v Thomas,* 49 Mich App 682; 212 NW2d 728 (1973), the defendant-appellant alleged that the trial court erred in granting the prosecution's motion to indorse an alleged accomplice, Mr. Smith, after the jury had been impaneled. This Court disagreed, ruling:

"This claim of error is entirely vitiated by the well settled rule that the people need not indorse accomplices as res gestae witnesses. *People v Henderson,* 47 Mich App 53; 209 NW2d 326 (1973); *People v Peck,* 39 Mich App 150; 197 NW2d 346 (1972). Since the prosecutor had no duty to indorse Mr. Smith as a res gestae witness, error cannot be predicated upon his late, albeit unnecessary, motion to do so." 49 Mich App at 686-687.

Though the better rule would have the prosecutor indorse all witnesses that he anticipates calling at trial, with the understanding that he need not call any indorsed accomplices, *People v Potts, supra, People v Resh, supra,* we find the rationale used by this Court in *People v Thomas, supra,* to

be applicable here; since the prosecutor has no obligation to indorse, produce or call an accomplice witness, his decision to do so at trial cannot be deemed improper.

We might be inclined to rule differently had defendant claimed surprise and asked for an adjournment, claiming he had not had time to prepare for trial. *People v Koukol,* 262 Mich 529, 530; 247 NW 738; 87 ALR 878 (1933), *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976), *reh den* 397 Mich 962 (1976). Defendant did not ask for time to interview the witnesses, nor did he ask for a continuance as was required in *People v Koukol, supra.* Therefore, we conclude that the trial court did not err in permitting the defendant's accomplices to testify in the prosecution's case in chief, notwithstanding that they were unindorsed witnesses. *People v Southern,* 306 Mich 324, 327; 10 NW2d 901 (1943). "The failure to move for a continuance is strongly indicative of a lack of prejudice." *People v Martin,* 44 Mich App 254, 257; 205 NW2d 96 (1972).

IV. *Was the trial court's instruction on the element of "intent to deliver" inappropriate in the context of the particular facts adduced at trial?*

Defendant next contends that the trial court's instructions to the jury on the element of "intent to deliver" were inappropriate in the context of the particular facts adduced at trial because they permitted the jury to convict defendant on the impermissible theory that the transfer of controlled substances to an alleged accomplice for any reason constituted sufficient proof of possession with the intent to deliver.

In defining the element of "delivery" to the jury at the close of the case, the trial judge, relying on CJI 12:2:03(1), stated:

"Delivery means that the Defendant transferred or attempted to transfer this substance to another person knowing that this substance was in fact morphine or apo-morphine or pentobarbital or thiopental and intending to so deliver it to another person. That is what delivery means."

No objection was proffered to this instruction, hence appellate review is foreclosed unless manifest injustice resulted. *People v Dixon,* 84 Mich App 675, 685; 270 NW2d 488 (1978), *lv den* 405 Mich 837 (1979).

Defendant contends that the foregoing instruction, while it would be proper under normal cirucmstances, was inappropriately relied on in the present case since the transfer was made between parties to the crime, and was not made by defendant to a consumer. In support of his contention, defendant relies on *United States v Swiderski,* 548 F2d 445 (CA 2, 1977). There the issue was whether joint purchasers and users of a controlled substance could be found guilty of possession with intent to distribute if the transfer was made between them for their own use, with no intent to distribute the narcotics to outside parties.

The facts offered at the trial in the present case are materially different from those relied on by the court in *Swiderski.* Here, defendant and his accomplice, Diaz, did not simultaneously acquire possession of the narcotics at the outset. In addition, there was evidence that Diaz took possession of the narcotics in order to distribute them commercially, not merely for use among his friends. Other evidence indicated defendant's involvement in the chain of distribution: Tackleberry testified that the defendant and another alleged accomplice urged him to sell the narcotics; and evidence of defendant's transfer of the drugs to the Diaz resi-

dence showed facilitation of their safekeeping for subsequent distribution.

Absent an objection or submission of an alternate instruction, we conclude that the trial judge fulfilled his responsibility to see that the case went to the jury in an intelligent manner so that they had a clear and correct understanding of what it was they were to decide. *People v Townes,* 391 Mich 578, 587; 218 NW2d 136 (1974). The trial court's instruction that the transfer of the controlled substances to another person (Diaz) constituted a delivery was not erroneous.

V. *Did the trial court err in failing to suppress defendant's statement to the police, where the police failed to notify defendant's counsel, and where the statement allegedly was induced by unkept promises of leniency?*

Prior to trial defendant sought suppression of a statement made to a Detective Fowler while in police custody. The statement was made on October 7, 1977. About two weeks earlier, defense counsel was appointed to represent defendant in the matter. On January 30, 1978, a hearing was held pursuant to *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), to determine whether the statement would be admissible at trial. At the close of the hearing the trial judge denied defendant's motion to suppress the statement and subsequently allowed it to be introduced at defendant's trial. On appeal, defendant claims that the trial judge's ruling was erroneous on two grounds.

First, defendant contends that his statement to Detective Fowler was given in exchange for a promise of leniency and therefore the statement was rendered involuntary and inadmissible. *People v Pallister,* 14 Mich App 139; 165 NW2d 319 (1968). The trial judge resolved a direct conflict in the testimony against the defendant and our re-

view of the *Walker* hearing does not leave us with a firm and definite conviction that a mistake was committed. *People v Coppernol,* 59 Mich App 745, 751; 229 NW2d 913 (1975), *lv den* 398 Mich 803 (1976).

Second, defendant argues that it was impermissible for the police to take a statement from him in the absence of counsel, notwithstanding that defendant was given the *Miranda* warnings[6] prior to the interview. In this regard the trial judge noted that it was unethical for Detective Fowler to pursue and interview the accused when he had reason to suspect that the man had a lawyer. However, the trial court found that since the defendant instigated the contact by requesting his probation officer to inform Fowler that defendant would like to speak to him, the judge concluded this to be an extenuating circumstance, not tainting an otherwise voluntary confession. This conclusion is in accord with the law in this state. *People v Donald Williams,* 2 Mich App 91, 94-95; 138 NW2d 498 (1965), *People v Daniels,* 2 Mich App 395, 398-399; 140 NW2d 541 (1966), *lv den* 378 Mich 721 (1966), *People v Jordan,* 34 Mich App 360, 367-369; 191 NW2d 58 (1971), *lv den* 386 Mich 776 (1971), *cert den* 406 US 908; 92 S Ct 1616; 31 L Ed 2d 818 (1972), *People v Patterson,* 39 Mich App 467, 471; 198 NW2d 175 (1972), *lv den* 387 Mich 795 (1972), *People v Moore,* 51 Mich App 48, 50-51; 214 NW2d 548 (1974), *People v Ernest Green,* 74 Mich App 351, 355; 253 NW2d 763 (1977), *aff'd on other grounds,* 405 Mich 273; 274 NW2d 448 (1979).

None of defendant's claims of error justify reversal.

Affirmed.

---

[6] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).